Strange, Administrator, *v.* Tyler.

---

No. 11,288.

## STRANGE, ADMINISTRATOR, *v.* TYLER.

PRACTICE.—*Motion to Modify Judgment.*—A motion to modify a judgment, on the ground that the evidence did not authorize it, can not be sustained.

From the Grant Circuit Court.

*J. A. Strange, J. A. Kersey* and *L. D. Baldwin,* for appellant.

*I. VanDevanter, J. W. Lacey* and *W. VanDevanter,* for appellee.

COLERICK, C.—The appellee brought·an action to enjoin the appellant from collecting certain judgments that had been rendered against the appellee and Absalom Thomasson, and to have the same declared satisfied. It was averred in the complaint therein that the appellant, as administrator of the estate of said Thomasson, was endeavoring to collect, by executions, said judgments of the appellee, upon the alleged ground that the same had been paid by Thomasson, in his lifetime, as the surety of the appellee. The action was tried at the April term, 1882, of the Grant Circuit Court, and resulted in the rendition of a judgment in favor of the appellee, perpetually enjoining the collection of the judgments from him and declaring them satisfied as to him. The appellant made an application to the court, at its November term, 1882, by motion, in writing, to modify the judgment so rendered in favor of the appellee. The motion was rejected by the court, and this ruling is the only error assigned.

It was claimed by the appellant, in support of his motion, and recited therein, that the judgment, in part, was founded upon the second paragraph of the complaint in said action, although the evidence which had been introduced on the trial, in support thereof, was stricken·out by the court. By reason of that fact he insisted that the judgment should be modified so as to show that it was not rendered upon that paragraph of the complaint.

It is not claimed by the appellant that the judgment was incorrectly entered. He merely insists that the judgment, so far as it was based upon the second paragraph of the complaint, was rendered in the absence of evidence supporting it. This fact, if true, would, probably, have been a sufficient cause for the granting of a new trial, but the court below, on a motion like this, could not review its former finding and judgment as to any question of fact decided, as relief from such error can only be had on appeal. See *Hannah* v. *Dorrell,* 73 Ind. 465. The motion was properly rejected by the court.

PER CURIAM.—The judgment is affirmed, at the costs of the appellant.

