Adair *et al. v.* Mergentheim.

———◆———

No. 13,142.

ADAIR ET AL. *v.* MERGENTHEIM.

MORTGAGE.— *Foreclosure.*— *Subsequent Liens.*— *When Barred.*—All persons who are made parties to a suit to foreclose a mortgage, and whose rights accrued subsequent to the mortgage, must bring them forward or they will be barred by the decree, as the mortgagee has a right to presume, until he has notice to the contrary, that the condition of affairs respecting the property is the same as when his mortgage was executed.

SAME.—*Default.*— *What Admitted by.*—*Pleading.*—In respect to such persons, the prayer for a foreclosure of the mortgage is a sufficient invitation to set up whatever interest they have which would stand in the way of a foreclosure or give them a right of redemption, and a default is a

confession that the parties who fail to appear have no such interest, without regard to the issues tendered by the complaint.

SAME.—*Husband and Wife.*—*Tax Lien.*—*When Barred by Judgment.*—A wife joined her husband in the execution of a mortgage upon his real estate. W. subsequently purchased the property at a tax sale and received a certificate, which he assigned to the wife, but no record of the assignment was made. Afterwards the mortgage was foreclosed, the mortgagor and his wife and W., all of whom were parties, making default. There was no mention of the tax lien in the complaint for foreclosure. The mortgagee acquired title under the decree. Afterwards the wife of the mortgagor assigned the tax certificate to the plaintiff, who received a tax deed, and now seeks to enforce a lien.

*Held*, that the action can not be maintained, the decree foreclosing the mortgage being conclusive.

From the Howard Circuit Court.

*J. C. Blacklidge, W. E. Blacklidge* and *B. C. H. Moon,* for appellants.

*C. E. Hendry* and *A. C. Bennett,* for appellee.

MITCHELL, C. J.—This was a suit by Mergentheim to enforce a tax lien upon certain lots in the city of Kokomo. There was a decree in favor of the plaintiff below, a jury having returned the facts to the court in a special verdict.

From the facts found it appears that the title to the lots in question was in Josiah M. Leeds, and that in August, 1874, Josiah M. and Louisa W. Leeds, his wife, joined in a conveyance of the lots, by way of mortgage, to the defendants Adair and Butler. Subsequently the taxes became delinquent, and in 1877 the lots were sold at a tax sale for delinquent city taxes to Alfred B. Walker, who received two certificates of purchase from the proper officer.

In February, 1879, Walker assigned the certificates to Louisa W. Leeds, but it is found that the city clerk never kept a record of assignments of certificates of tax sales in his office, and that the assignments to Mrs. Leeds had, therefore, never been recorded in full. On the second day of March, 1880, Adair and Butler took a decree of foreclosure upon their mortgage against Leeds and wife in the Howard

Circuit Court. Walker was made a party to answer as to his interest. The decree was taken upon a default, due service of process having been made upon all the defendants. The mortgagees acquired title under this decree in May, 1881. Afterwards, in February, 1885, Mrs. Leeds assigned the tax certificates hereinbefore mentioned to the plaintiff, Mergentheim, who received a tax deed from the city clerk on the same day.

There was no mention of the tax lien in the complaint in the foreclosure proceedings, and the only averment made therein affecting Mrs. Leeds was that she had joined with her husband in the execution of the mortgage sought to be foreclosed, and the only relief prayed against her was that the mortgage might be foreclosed.

The question presented by the facts found is whether the tax lien set up in the present case, and sought to be enforced, by Mergentheim, the assignee of Mrs. Leeds, who was the holder and owner thereof when the decree of foreclosure was taken against her, is barred by that decree.

The argument in support of the ruling below is to the effect that, because the only issue tendered to Mrs. Leeds in the complaint to foreclose the mortgage in which she joined her husband related to her inchoate interest as wife, the decree did not extend to or affect any interest beyond that brought in question by the complaint.

It is a generally accepted rule, that a judgment by default is conclusive only as to such matters or issuable facts as are properly averred in the complaint. *Barton* v. *Anderson,* 104 Ind. 578; *McFadden* v. *Ross,* 108 Ind. 512. And the general rule, likewise, is that judgments are only presumptively conclusive against parties in the character in which they sue or are sued. *McBurnie* v. *Seaton,* 111 Ind. 56, and cases cited.

In the application of these general rules regard must be had, however, to the nature and purpose of the proceeding

in which the judgment, the effect of which is in question, was rendered.

As applicable to foreclosure and other suits of that nature, where one is made a defendant to answer concerning his supposed or possible interest in the property, the rule seems to be settled by the decisions of this court, that a default is construed as an admission that at the time he failed to appear he had no interest in the property in question, and hence as conclusive of any prior claim of interest or title adverse to the plaintiff. *Barton* .v. *Anderson, supra,* and cases cited.

Whatever diversity of opinion there may be elsewhere, it has long been settled by the decisions in this State that conflicting claims and questions of priority may be determined in foreclosure suits whenever proper issues to that end are tendered. *Masters* v. *Templeton,* 92 Ind. 447, and cases cited ; *Woodworth* v. *Zimmerman,* 92 Ind. 349.

As to what averments are essential in a complaint in order to tender proper issues, so that a decree of foreclosure taken thereon by default will operate as a bar to claims prior to that of the mortgagee, we need not inquire in the present case.   While prior and conflicting claims may, under proper averments, be settled, the primary purpose of a foreclosure suit is to obtain a decree foreclosing out the estate of the mortgagor as he held it at the time he executed the mortgage in suit. *Hefner* v. *Northwestern Life Ins. Co.,* 123 U. S. 747 ; *McComb* v. *Spangler,* 71 Cal. 418.

Those who have acquired liens upon the mortgaged premises, subsequent in date to the mortgage, are bound to take notice, when they are made parties to a foreclosure proceeding, that the decree of foreclosure relates to and affects the title of the mortgagor as it existed in him at the date of the mortgage.   Being made parties to a foreclosure proceeding, they are affected with notice that the decree necessarily bars and forecloses the mortgagor, and all others who are parties thereto and who claim any right in the mortgaged premises by, through or under the mortgagor subsequent to the date

of the plaintiff's mortgage. Whatever the effect of a decree may be upon prior claims, on account of insufficient or defective averments in the complaint, there can be no doubt but that all liens subsequent in date to the mortgage are effectually foreclosed and cut off if the persons in whose favor they exist are properly made parties to the proceeding. As to all such liens the foreclosure proceeding is a challenge, *ex vi termini*, to all those who are made parties to bring forward their claims and show cause, if any they have, why the right, title and estate of the mortgagor, as conveyed to the mortgagee, ought not to be sold for the payment of the debt, and why the right and equity of redemption of the mortgagor, and all others claiming under him subsequent in date to the mortgage, ought not to be barred and foreclosed. This being the very object and purpose of a foreclosure suit, it must follow that all those who are parties, and whose rights accrued subsequent to the mortgage, must bring them forward, and if they omit to do so they will be concluded by the decree. *Indiana, etc., R. W. Co.* v. *Allen,* 113 Ind. 581. The prayer for a foreclosure of the mortgage is in respect to such persons a sufficient invitation to them to set up whatever right or interest they have which would stand in the way of a foreclosure or give them a right of redemption. *Hoes* v. *Boyer,* 108 Ind. 494; *Barton* v. *Anderson, supra.*

A default is in effect a confession that the parties who fail to appear have no such interest, and this without regard to the issues tendered by the complaint.

In the present case the tax lien accrued after the mortgage under which the appellants acquired their title was given. Walker, the purchaser at the tax sale, and who, so far as the records in the city clerk's office disclose, was the owner of the certificate, was made a party to answer to his interest. Mrs. Leeds was also a party. It does not appear from the facts returned in the special verdict that the mortgagees had any actual notice that she held the tax claims when the fore-

closure proceedings were commenced, nor does it appear that the assignment of the certificate from Walker to her was recorded as the statute provides. Section 6464, R. S. 1881; *Boice* v. *Michigan Mut. Life Ins. Co., post,* p. 480.

A mortgagee has a right to presume, until he has notice to the contrary, that the condition of affairs in respect to the mortgaged property is the same as when his mortgage was executed, and if subsequent lien-holders desire him to respect their rights they must give actual notice of their claims by setting them up when they are made parties, or are afforded the opportunity to do so. They can not stand by until their claims are discovered, but must disclose them or submit to the consequences. *Cogswell* v. *Stout,* 32 N. J. Eq. 240.; *Cheever* v. *Fair,* 5 Cal. 337; *McIlvain* v. *Mutual Assurance Co.,* 93 Pa. St. 30; 1 Devlin Deeds, sections 715, 716, 717.

The conclusion follows, that Mrs. Leeds was bound by the foreclosure suit because her assignor, who appeared by the record to be the owner of the tax claims which she is now asserting, was made a party to answer as to his interest in the property. She was bound, too, because she was properly made a party to a foreclosure proceeding which necessarily cut off all rights or interests held by her which arose subsequent to the mortgage, without regard to any special averments in the complaint.

The court erred in sustaining the appellee's motion for judgment on the special verdict of the jury. For this error the judgment is reversed, with costs.

Filed April 10, 1888.