Miller *v.* Hardy *et al.*

———◆———

No. 15,379.

## MILLER *v.* HARDY ET AL.

PRACTICE.—*Erroneously Sustaining Demurrer to Reply.—Special Findings of Fact Curing Error.*—Error occasioned by improperly sustaining a demurrer to a reply is cured if the special finding of facts show that the plaintiff was not deprived of putting his whole case into the record for review by the Supreme Court.

BANKRUPTCY.—*Foreclosure of Mortgage on Lands of Estate Pending Bankruptcy Proceedings.*—If suit be brought against a bankrupt, pending his proceedings in bankruptcy, to foreclose a mortgage upon land which he has assigned to his assignee in bankruptcy, and the assignee represents to the United States Court, in which the proceedings in bankruptcy are pending, that the lands ought to be abandoned because of no value to the estate in bankruptcy, and the court so orders, the foreclosure will be binding upon all who are parties to it.

RES JUDICATA.—*All Defences Must be Plead in Foreclosure Proceedings.*—In a foreclosure proceeding the defendant must set up all defences he is entitled to or he will be barred.

From the Montgomery Circuit Court.

*G. D. Hurley* and *M. E. Clodfelter*, for appellant.

*H. H. Dochterman, A. W. Caldwell* and *J. L. Caldwell*, for appellees.

MILLER, J.—The appellant filed her complaint in four paragraphs, against the appellees. Demurrers were sustained to the second and third paragraphs, and these rulings are complained of in this court.

The first paragraph of complaint was in the ordinary form, authorized by the code, for the recovery of real estate, damages for its detention, and for rents and profits.

The second and third paragraphs are each for the recovery of the same tracts of land described in the first.

The appellant was entitled to introduce all the evidence under the first paragraph that would have been admissible under either the second or third, and the special finding of facts made by the court shows that she did, in fact, introduce evidence to establish the cause of action set forth in these paragraphs, and that the facts so proven are included in the facts found by the court.

The fourth paragraph of complaint sought a redemption of the same land from a sale on the foreclosure of a mortgage executed by the appellant and her husband to one Byrns, alleging, among other things, that the defendants, claiming under the mortgage sale, had, while in possession of the land, received rents and profits. To this paragraph one answer was filed claiming that such defendants, while in possession, had paid out and expended large sums of money for lasting and valuable improvements, and for other specified purposes, which were necessary to the preservation of the property.

A demurrer was overruled to this paragraph of answer, and this is assigned as error.

The court found specially the facts upon which the plaintiff predicated her right of recovery, and concluded and adjudged that she was not entitled to redeem. The appellant, therefore, was not barred by the ruling of the court upon this demurrer.

If the court had found that the appellant was entitled to redeem, and it had thus been found necessary to have an accounting of rents and profits on the one hand, and expenditures for necessary improvements on the other, a very different question would be presented.

Some objections are urged to another paragraph of answer which sets up title in the defendants, founded upon the foreclosure of a mortgage executed by the appellant and her husband. We are satisfied that the facts therein set forth

are well pleaded, and the other objections will be considered hereafter.

We do not consider it necessary to review the rulings of the court in sustaining demurrers to the paragraphs of reply, for the reason that we find that all the facts therein relied upon are fully set forth in the special finding of the facts made by the court, upon which finding conclusions of law were stated and excepted to by the appellant. It thus affirmatively appears that the appellant has not been deprived of the privilege of putting her whole case into the record for review by this court. Having excepted to the conclusions, she is entitled to a ruling upon them that will give her all the benefit to which the facts entitle her, and she is, therefore, not injured by the ruling of the court in sustaining demurrers to her replies, even if the rulings were erroneous. *State, ex rel.*, v. *Vogel*, 117 Ind. 188.

A synopsis of so much of the special findings as are necessary to present the legal questions involved is as follows:

The plaintiff, Elizabeth Miller, was, and had been for many years, the wife of one John M. Miller, who, on and prior to the 10th day of December, 1877, was the owner of three hundred and fifty-nine acres of real estate in Montgomery county.

At the September term, 1877, of the Montgomery Circuit Court, the plaintiff obtained a judgment against her husband for $13,348.84. Subsequently this land was levied upon and sold upon an execution on this judgment to the plaintiff for $3,055.20, and, the land not being redeemed, she obtained a sheriff's deed for the same on the 11th day of November, 1878, which deed was in due time recorded.

On the 10th day of December, 1877, John M. Miller was, upon the petition of two of his creditors, adjudged to be a bankrupt, and Henry C. Adams was duly appointed his assignee in bankruptcy. In April, 1878, Adams, as such assignee, filed his *ex parte* petition in the United States District Court for an order for the sale of the lands of the bankrupt,

Miller *v.* Hardy *et al.*

to make assets for the payment of his debts. That afterwards
an order was made by the court for the sale of the land, and
it was, on the 8th day of April, 1878, sold to Granville M.
Ballard, subject to existing liens, for the sum of $60, and the
sale reported to and confirmed by the court. In September,
1889, Ballard sold and conveyed the land to the plaintiff, and
at the same time assigned to her all his claims for rents and
profits of the land accruing subsequent to his purchase. On
the 31st day of May, 1878, Miller received his discharge in
bankruptcy. That on the 26th day of August, 1876, Miller
and wife executed a mortgage on the land to secure a loan of
$5,000 to one Ainsworth H. Byrns. That on the 15th day of
February, 1878, the debt for which the mortgage was ex-
ecuted being due and unpaid, Byrns filed his petition in the
United States District Court asking for leave to proceed in
the Montgomery Circuit Court against the assignee to fore-
close his mortgage during the pendency of said proceedings
in bankruptcy. That said assignee made on the back of said
petition the following indorsement, to wit: " On account
of the amount of encumbrance on the real estate, do not
think anything can be made for general creditors, and recom-
mend that no expense be incurred in defending; that the
same be abandoned.        HENRY C. ADAMS."

That afterwards the said district court, in pursuance of
said petition and endorsement thereon, duly made and en-
tered the following order and decree, to wit: " Ordered on
the above petition the assignee to relinquish and abandon
all the title to said real estate now vested in him by virtue
of the deed of bankruptcy herein, provided said mortgagee
releases said estate from further liability on account of said
mortgage." That pursuant to this consent, and during the
pendency of the proceedings in bankruptcy, Byrns instituted
a suit in the Montgomery Circuit Court for the foreclosure of
the mortgage, making the plaintiff, her husband and the as-
signee in bankruptcy, parties defendant. That afterward such
proceedings were had in the cause as that a judgment for fore-

Miller *v.* Hardy *et al.*

closure was duly entered upon default and the lands sold on the 6th day of April, 1878, to Byrns for $5,868.85 and a certificate of purchase issued to him by the sheriff, and, the land not having been redeemed, a sheriff's deed was, on the 8th day of April, 1879, duly executed to the holder of the certificate, and possession of the lands taken by the grantee; that Byrns never at any time filed any claim in the court of bankruptcy against the estate of John M. Miller on account of the indebtedness represented by this mortgage, or for any part of the same.

That prior to the commencement of this suit, and before she obtained the deed from Ballard, the plaintiff offered to redeem the real estate from Byrns by tendering to him the amount of the judgment, interests and costs in said foreclosure suit. That the offer was made after the year for redemption had expired, and in pursuance of a promise made by Byrns that he would accept the amount of said judgment, interest and costs and let her have the land.

Upon these facts the court stated the following conclusions of law:

(1) That the plaintiff is not entitled to recover possession of the land in controversy; (2) that the plaintiff is not entitled to redeem from the Byrns mortgage for the reason that the judgment foreclosing said mortgage is binding and conclusive upon all who were made parties to the foreclosure suit, and upon all persons claiming under them; (3) that the action is not based upon any promise or agreement to be permitted to redeem, and any such agreement which may have been made can not avail the plaintiff in this action; (4) that the defendants are entitled to recover their costs of and from the plaintiff.

We are satisfied that the court did not err in its conclusions of law.

It appears that the lands in controversy were, prior to the time when the appellant obtained her judgment and sheriff's

deed, and prior to the institution of the bankruptcy pro-
ceedings, under which she claims title, encumbered by a
mortgage executed by herself and husband; that the mort-
gagors having failed to pay the mortgage debt, it was fore-
closed, the land sold to those under whom the appellants
claim title, and no redemption having been made, within the
time allowed by law, a sheriff's deed was executed to the
purchaser, and possession taken of the property.

No reason has been given, and we can conceive of none,
why, if the proper parties were made and the foreclosure
and sale regular, this would not give the appellees a good
title to the land as against the mortgagors and all persons
claiming title under them, or either of them, acquired sub-
sequent to the execution of the mortgage.

The finding shows that the appellant, her husband, and his
assignee, were before the court, and called upon to disclose
any interest they might have in the property. Not having
done so, if the court had jurisdiction of the subject-matter
of the action, they are concluded by the decree. *Adair* v.
*Mergentheim,* 114 Ind. 303; *Hoes* v. *Boyer,* 108 Ind. 494;
*Craighead* v. *Dalton,* 105 Ind. 72; *Barton* v. *Anderson,* 104
Ind. 578.

The only objection much urged by the appellant to the
forclosure proceedings is the claim that, inasmuch as John M.
Miller had been adjudged a bankrupt, and an assignee ap-
pointed, the Montgomery Circuit Court was without juris-
diction to entertain the foreclosure proceedings.

We do not feel called upon to examine and pass upon the
question of the effect of a judgment rendered by a State
court in a proceeding to foreclose a mortgage, instituted dur-
ing the pendency of bankruptcy proceedings without the con-
sent of the court of bankruptcy, where the assignee was made
a party, and, without questioning the jurisdiction of the court,
suffers a judgment by default to be taken, for such is not the
case before us.

It affirmatively appears that **upon petition made to the**

court, and upon the advice of the assignee, the court ordered the assignee to relinquish and abandon all claim to the real estate upon condition that the mortgagee release the estate from further liability. The Montgomery Circuit Court was a court of general jurisdiction, and when the assignee in bankruptcy relinquished the property to the encumbrancers, its jurisdiction to entertain the suit to foreclose was full and complete. *McHenry* v. *La Societe*, 95 U. S. 58 ; Jones Mort., section 1232, and cases cited.

We do not regard the filing of a release of the estate of Miller by Byrns as a condition precedent to the institution of his foreclosure suit.

The findings show that he did comply with the terms of the order. The beginning of his suit in foreclosure was of itself an acceptance of the conditions of the order, and was doubtless sufficient to have prevented his claiming a share of the assets in the hands of the court for any deficiency that might have existed after exhausting the mortgaged property.

The appellant was a party to the proceedings in foreclosure, and if there was any defect on the part of Byrns in complying with the order of the court, it was incumbent upon her to make the objection then or never ; failing to do so she was concluded from questioning the jurisdiction of the court, whatever might be its effect on the assignee.

This disposes of all the questions to which our attention has been called by counsel for the appellant.

Judgment affirmed.

Filed Jan. 12, 1892; petition for a rehearing overruled March 19, 1892.