No. 15,859.

## BALL *v.* BALL.

**MORTGAGE.**—*Foreclosure.*— *Action to Redeem.*— *Counter-Claim.*— *Demurrer.* —In an action to redeem a tract of land, sold upon a foreclosure of a mortgage, and for an accounting and a judgment for rents received by the appellee while in possession of the land the appellant can not complain of the action of the court in overruling a demurrer to a counter-claim filed by the appellee, the court having found against the appellant in his action to recover the land or redeem it from sale, and in favor of the appellee upon the issues joined involving its ownership.

From the Tippecanoe Circuit Court.

*J. B. Sherwood,* for appellant.

*A. L. Kumler* and *T. F. Gaylord,* for appellee.

MILLER, J.—The appellant brought this action against the appellee to redeem a tract of real estate that had been sold upon a foreclosure of a mortgage, and to quiet his title against the adverse claims of the appellee.

The appellee answered the complaint by a general denial and other answers.

The cause was tried by a master commissioner, who found the facts and returned conclusions of law from the facts; upon which finding the court rendered a judgment against the appellant, adjudging and decreeing that he was not entitled to redeem the land, and quieting the title thereto as against the adverse claims of the appellee.

Several errors are assigned, but only one of them is discussed by appellant's counsel in his brief, all others being thereby waived.

The second assignment of error calls in question the ruling of the court in overruling the demurrer of the appellant to the counter-claim filed by the appellee.

The pleading was addressed to so much of the complaint as asked for an accounting and a judgment for rents received by the appellee while in possession of the land.

The court having found against the appellant in his action to recover the land or redeem it from sale, and in favor of the appellee upon the issues joined involving its ownership, the appellant was not harmed by this ruling.

If the court had found in favor of the appellant, in the main issue, and an accounting had been had of the rents and profits received, and expenditure made, the issue tendered by the counter-claim would have been an important one, and an adverse ruling upon its sufficiency to withstand a demurrer would have been reversible error.

Where it affirmatively appears that a ruling upon a demurrer to a pleading has not harmed the appellant, we will not examine, or pass upon its sufficiency. *Miller* v. *Hardy*, 131 Ind. 13.

Judgment affirmed.

Filed May 21, 1892; petition for a rehearing overruled Nov. 22, 1892.