## MARK *v.* NORTH, ADMINISTRATOR, ETC.

[No. 18,917.   Filed June 29, 1900.   Rehearing denied Dec. 12, 1900.]

APPEALS.—*Decedents' Estates.*—An action by an administrator to recover possession of the assets of the estate is not an action growing out of the settlement of the estate within the meaning of §§2609, 2610 Burns 1894, requiring appeals in such cases to be perfected within thirty days, but belongs to the general class of actions, and is governed by §645 Burns 1894 as to appeals.   *p. 577.*

LANDLORD AND TENANT.—*Lease.*—*Decedents' Estates.*—*Courts.*—*Juris-diction.*—A lease of lands for a term of years is personal property, the title to which, upon the death of the holder, passes to his administrator, and an action may be brought by the administrator in the county in which defendant resides to set aside an assignment of the lease made by his decedent, regardless of the location of the leased premises. *pp. 577, 578.*

PLEADING.—*Theory.*—A complaint to set aside an assignment of a lease on the ground of unsoundness of mind of assignor is not rendered bad because of averments contained therein as to weakness of mind and fraud. *pp. 578, 579.*

SAME.—*Cancelation of Instruments.*—*Return of Consideration.*—A complaint to set aside an assignment of a lease on account of the unsoundness of the mind of the assignor, disclosing that assignor, after the assignment, went and lived with assignee until her death, is not bad for failing to aver an offer to restore to the defendant the value of the decedent's maintenance, where it was alleged that the assignment was made wholly without consideration. *p. 580.*

APPEAL AND ERROR.—*Evidence.*—*Exceptions.*—*Offer to Prove.*—An exception is not properly saved on the ruling of the court in excluding evidence where the offer to prove was not made until after the objection was made and sustained. *pp. 580, 581.*

From the Delaware Circuit Court. *Affirmed.*

*R. S. Gregory, A. C. Silverburg* and *O. J. Lotz,* for appellant.

*E. R. Templer, C. C. Ball, J. N. Templer* and *C. B. Templer,* for appellee.

HADLEY, J.—The appellee as administrator of Amelia H. Luther, deceased, brought this suit in the Delaware Circuit Court against the appellant, a resident of Delaware county, to set aside the assignment of a lease held by the decedent as lessee for a term of years on three camp meeting lots owned by the Indiana Association of Spiritualists, for which she had agreed to pay $5 per annum rent, situate in Madison county, and also the assignment of two promissory notes and mortgage securing one of the same on real estate situate in Marion county, for unsoundness of mind, fraud and undue influence. Demurrer to the complaint was overruled. Trial upon the general issue; finding and judgment

for the plaintiff.   The errors assigned call in question the jurisdiction of the court over the subject-matter of the action, the sufficiency of the complaint, and the action of the court in overruling appellant's motion in arrest of judgment and for a new trial.

We are first confronted with appellee's motion to dismiss the appeal for the reason that the transcript was not filed in this court within thirty days after the filing of the appeal bond as required by §§2609, 2610 Burns 1894, §§2454, 2455 Horner 1897.  ·The transcript was filed in this court within one year from final judgment but not within thirty days from the filing of the appeal bond.

The statutes relied upon in this motion are special provisions prescribing the procedure in the settlement of decedents' estates and apply only where probate jurisdiction is being exercised, and not to appeals in actions authorized by the code.  *Koons, Adm.,* v. *Mellett,* 121 Ind. 585, 590, 7 L. R. A. 231; *Walker, Adm.,* v. *Steele,* 121 Ind. 436, 445; *Mason* v. *Roll, Ex.,* 130 Ind. 260.

This action by the administrator to recover the possession of assets of the estate, taken from the decedent by the alleged wrongful act of the defendant, did not *"grow out of a matter connected with the settlement of a decedent's estate"* and its prosecution did not invoke the exercise of probate jurisdiction, but it belongs to that general class of actions authorized by the code and might have been brought in any county and in any circuit or superior court of the State where the defendant resided (*Heller* v. *Clark, Adm.,* 103 Ind. 591); and is governed by §645 Burns 1894, §633 Horner 1897.

·  . It is argued that since the lease was on lands in Madison county and the mortgage on lands in Marion county, the circuit court of Delaware county had no jurisdiction of the subject-matter of the action.  We think otherwise.  A lease of lands for a term of years is personal property, the title to

which, upon the death of the holder, passes to the administrator, and not to the heirs. *Smith* v. *Dodds,* 35 Ind. 452, 456; *Schee* v. *Wiseman,* 79 Ind. 389, 392; *Cunningham* v. *Baxley,* 96 Ind. 367, 369.

There can be no question about the character of the notes and mortgage. An administrator succeeds to the title of his decedent in all personal property owned at the time of death. Section 2446 Burns 1894, §2291 Horner 1897, confers upon an administrator full power to maintain any suit, in any court of competent jurisdiction, for the recovery of possession of any personal property of the estate. Section 314 Burns 1894, §312 Horner 1897, provides that all actions except those before specified shall be brought in the county where the defendants or one of them resides. This action was brought in the county where the estate is pending, where the assignment complained of was made, where the defendant resides, and where she holds in possession the property in controversy.

The gist of the action is to recover the possession of personal property, assets of the estate. The ownership of the chattels is the real question. The validity of the assignment is an incident. In no sense does the action affect the integrity of the lease and mortgage themselves, or the rights of the lessor and mortgagor. The Delaware Circuit Court had jurisdiction. *Tyler* v. *Wilkerson,* 20 Ind. 473; *Galentine* v. *Wood, Adm.,* 137 Ind. 532, 536.

The sufficiency of the complaint to state a cause of action is challenged by demurrer and by motion in arrest of judgment. Among a large amount of historical and useless matter, it is alleged in the complaint that the plaintiff's decedent "on the 15th day of November, 1897, assigned and delivered, wholly without consideration, to the defendant" the certain notes, mortgage, and lease, and that at the time of said assignment "the said Amelia H. Luther was an old woman, feeble in body and of unsound mind, and incapable of managing her estate and of making a contract, as the de-

fendant then well knew and long had well known, and the said Amelia continued from the time of making said assignment to the time of her death a person of unsound mind and incapable of entering into a contract or of managing her estate, as the defendant well knew and still well knows."

The complaint also abounds with averments of weakness of mind and fraud. And notice of disaffirmance by the plaintiff in his representative capacity, on the ground of the mental unsoundness of his decedent, is also alleged. The only question presented by the demurrer and by the record is: Does the complaint state facts sufficient to constitute a cause of action?

The objection that the complaint does not count upon any definite and certain theory is without substantial merit. The complaint is clearly grounded upon the unsoundness of mind of the decedent and unquestionably states a good cause of action upon that ground; and the averments of weakness of mind and fraud, even if sufficient to state another cause of action upon this ground, will not accomplish the overthrow of the former.

A complaint is good upon demurrer for insufficient facts, if from all its averments it states a single good cause of action. It is still good if it states a dozen. If the defendant had been in doubt, before trial, as to the theory of the complaint, it would then have been an easy matter to clear the doubt away by a demurrer for misjoinder or by a motion to separate into paragraphs; and her failure to do either removes all just ground for complaint.

It was alleged in the complaint that Mrs. Luther had for many years been an ardent believer in spiritualism and a public lecturer of national repute upon spiritualistic subjects; and the defendant, professing herself to be a spiritualist and a medium, and an acquaintance and friend of Mrs. Luther, by certain specified false and fraudulent representations, induced Mrs. Luther to make the said assignment of the notes, mortgage, and lease, and to deed to de-

fendant certain real estate and to quit the home which she then had with a granddaughter and go with the defendant and make her home with the latter for the remainder of her life and to receive from defendant care and maintenance and protection against evil influences; that, being so induced by the defendant, Mrs. Luther removed to the defendant's home, taking with her all her personal belongings, and on November 15, 1897, pretended to execute said assignment and deed and continued to live with the defendant to the 26th day of December following, when she died.

Appellant further insists that the complaint is bad for want of an averment that the plaintiff had tendered or offered to restore to the defendant the value of the decedent's maintenance from November 15th to December 26th.

Under the positive averment that said assignment was made wholly without consideration, we think the allegations of the complaint, with respect to the decedent's going to and remaining with the defendant till her death, must be construed, not as stating a consideration received for the assignment, but merely as setting forth a part of the scheme pursued by the defendant to bring and keep the decedent subject to her will; and can not therefore be considered as going to the merits of the complaint.

Appellant complains of the ruling of the court in excluding certain testimony by Dr. Whitney. The record shows the following: "Q. Have you ever had any talk with her (Mrs. Luther) about her business or property? If so, tell the court what it was and what was said." To which question the plaintiff objected and the court sustained the objection. "To which ruling of the court the defendant at the time excepted." After having entered her exception to the ruling of the court, the defendant proceeded to state the facts she proposed to elicit by the question; and the record proceeds: "To which the plaintiff objects. Thereupon the court sustained the plaintiff's objection, to which ruling of the court the defendant by counsel at the time excepted."

Second Nat. Bank v. Midland Steel Co.

The precise question arising here was before the court in *Gunder* v. *Tibbits*, 153 Ind. 591, at page 607, where it was held, following many decisions of this court there cited, that such procedure presents no question for review. The principle is this: When objection is made to a question, it forms an issue upon the propriety of the question, and when the court rules upon the issue thus formed the incident is closed. A subsequent offer to prove goes for nothing because the question is no longer open. To make an offer to prove effective, it should follow immediately after the adversary's objection, and before the court has ruled. When thus timely made, it enables the court to rule advisedly upon the pending question; and when postponed until after the ruling, it can serve no useful purpose, and presents no question for further consideration. See, also, *Rinkenberger* v. *Meyer, ante,* 152; *Whitney* v. *State,* 154 Ind. 573, and cases cited.

We find no available error in the record. Judgment affirmed. Baker, C. J., did not participate.