## DORSEY v. DORSEY.

[No. 3,622.   Filed June 3, 1902.]

HUSBAND AND WIFE.—*Action for Support.—Evidence.—Judgment.*—In an action by a wife for support the evidence showed that the defendant had deserted plaintiff, and prior to the desertion had assaulted her; that defendant was the owner of an estate, was able-bodied and was earning wages. *Held,* that a judgment against the defendant for $50 payable in monthly instalments of $5 each was sustained.

From Floyd Circuit Court; *W. C. Utz,* Judge.

Action by Mary K. Dorsey against Solomon Dorsey. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*J. Herter* and *G. H. Hester,* for appellant.
*C. D. Kelso* and *J. V. Kelso,* for appellee.

ROBY, J.—Action by appellee against her husband, Solomon Dorsey the appellant, and the New Albany Hosiery Mills, alleged to have been indebted to the appellant, and against whom a judgment for the payment of $4.50, found so to be due him, was rendered. It declines to join in this appeal. So far as the judgment against it is concerned, no question therefore need be decided. Appellee's suit was for support. She alleged, among other things, that appellant

had deserted her without cause, leaving her without sufficient provision for her support; that he was employed and able to support her; that she was unable to work for a living by reason of the fact that she had been disabled, her arm being broken by the defendant, her husband; that the defendant has personal property of the value of $300; that the Hosiery Mills is indebted to him; that she ought to have, and that it will require, the sum of $5 per week to support her.

The complaint is based upon §§6977-6982 Burns 1901. A demurrer was overruled to it, and the first assignment of error is that it does not state facts sufficient to constitute a cause of action. No attack upon the sufficiency of the complaint is made, and the point is therefore waived. The second assignment of error is based upon the action of the court in overruling appellant's motion for a new trial. The first reason given for a new trial is that the decision of the court is contrary to law. The third reason is that the decision and judgment of the court is not sustained by sufficient evidence.

The evidence tends to sustain the averments of the complaint with regard to the treatment of appellee and the charge of desertion. It not only tends to do so, but the testimony of appellant, while denying that he broke her arm, is in part as follows: "I did strike her slightly with my open hand; it was because she quarreled with me and would not let me have any peace; I don't think her eyes were blackened." He also says: "I never hit her with my fist at the time spoken of by Mrs. Hommerlein and Mrs. Kodalle." In the absence of other denial it would not be an extreme statement to say that no finding other than that made by the court, upon this part of the case, was permissible. The evidence also tends to show that appellant was the owner of certain personal property; that his codefendant was indebted to him in the sum of $4.50; that he was an able-bodied man, employed, and earning wages. The

court rendered a judgment against him for $50, payable in monthly instalments of $5 each, from which judgment he appeals.

The appellant argues that the evidence does not show that he had any estate whatsoever, and that a personal judgment against him is in excess of the authority conferred by the statute. We think that the evidence does show that he had an estate, and it is therefore not necessary to decide the point made. There was no error in overruling the motion for a new trial.

The third assignment of error is that the court erred in overruling appellant's motion to modify the decree and judgment. The effect of the motion as made, if it had been sustained, would have been entirely to destroy the entire judgment. The argument in support of the assignment goes to the proposition that the court was not authorized under the evidence to render any judgment. A motion to modify a judgment on the ground that the evidence did not authorize it to be rendered can not be sustained. *Strange* v. *Tyler,* 95 Ind. 396.

The judgment is affirmed with ten per cent. damages and costs.