SOUTHERN SURETY COMPANY *v.* STATE OF INDIANA,
EX REL. SPRAGGINS ET AL.

[No. 10,508. ·Filed October 28, 1920.]

1.  APPEAL.—*Review.—Overruling Motion to Modify Judgment.*—
    The trial court properly overruled a motion to modify the
    judgment, where it did not seek a correction of an erroneous
    entry of what the court had in fact adjudged, but rather an-
    other and entirely different judgment.   p. 34.

2.  GUARDIAN AND WARD.—*Filing·New Bond.—Release of Sure-
    ties.*—The filing of a new or additional bond by a guardian
    does not release the sureties on the original bond, where no
    application for release has been made, but the new bond is
    cumulative in its legal character, and the sureties are to be
    deemed cosureties, bound as such to the ward, in the propor-
    tion of the amounts of their bonds.   p. 34.  ·

From Pike Circuit Court; *Bomar Traylor*, Special
Judge.

Action by the State of Indiana, on the relation of
John Earl Spraggins, a ward, against Cicero Fittinger,
the relator's guardian, the Southern Surety Company,
and others.   From the judgment rendered, the surety
company appeals.   *Reversed.*

*W. D. Curll*, for appellant.
*John L. Sumner*, for appellees.

NICHOLS, J.—This is an action by the State of Indi-
ana, on relation of John Earl Spraggins, the ward,
against the relator's guardian, Cicero Fettinger, and the
sureties upon his several bonds for a breach of trust—
the conversion of the funds to his own use.

Appellant has correctly stated that there is no con-
troversy between appellant and appellee relative to the
facts proved in this case, and there is no sharp conflict
in any of the evidence; and, under the pleadings and
evidence adduced, it becomes the duty of this court to
acquaint itself with the facts and apply the law thereto,

and, if the facts and law will justify, affirm the decision of the lower court; if not, reverse it.

The facts, briefly stated, are as follows: In August, 1913, the appellee Fettinger was by the judge of the Pike Circuit Court appointed guardian of the person and property of John Earl Spraggins, a minor, who had no personal property, and the only real estate he owned was the real estate, the proceeds of the sale of which by the guardian are involved in this action. At the time of appointment of said guardian he filed a bond duly executed by himself and the appellees McGlasson and Heacock in the sum of $100.

On September 2, 1913, said guardian procured an order of the Pike Circuit Court to sell said real estate and, as a condition precedent to the sale of the same, complied with the requirements of the statutes and filed his additional bond with the appellees Everett L. Ashby and Frank A. Parker as sureties thereon, in the penal sum of $600. There was no application thereafter to be released from this bond. On November 3, 1913, said guardian sold the real estate for the sum of $475, received the cash therefor, and on November 10, 1913, said guardian reported the sale to the Pike Circuit Court, with the money received therefor, which report of sale was received and approved by the court, and the doings of the guardian in the matter of the sale were by the court in all things approved and confirmed. On November 12, 1913, two days after the sale had been by the guardian reported to the court, the guardian filed a new bond in the penal sum of $1,000, with the appellant as sole and only surety thereon, which said bond was by the court received and approved. The bond was conditioned for the faithful performance of the duties of his trust. At the time said bond was executed all the money received by the guardian was in his hands as such guardian, and had not been by him converted or

misappropriated. This bond was lost, and, on October 6, 1916, they executed a duplicate bond to take the place of the first bond executed by them, and as of the date of the first bond, to wit, November 10, 1913.

Appellee Everett L. Ashby answered plaintiff's complaint in two paragraphs; one a general denial, and the other, an affirmative answer, admitting the execution of the bond for the sale of the real estate, and alleging the facts of the filing of the bond of appellant, the date of the filing of the same, and the further fact that at the time the new bond executed by appellant was filed the guardian had all the funds derived from the sale of the real estate in his hands, and that no part of it had been converted or misappropriated.

Cross-complaints alleging suretyship were filed respectively by appellant and by appellees Heacock, McGlasson, Ashby and Parker, each of which was answered by general denials.

The court, upon the issues thus formed, after hearing the evidence, found for the appellee State, ex rel., on its complaint against the appellees Ashby and Parker, and also against appellant, and rendered judgment on such finding as follows: "It is therefore considered, adjudged and decreed by the court that said sum of $661.21 be first levied and made out of the property of the defendant, Cicero Fettinger; that if a balance be due thereon after said property is exhausted, said balance be levied and made of the property of the defendant, Southern Surety Company; that if any balance be due thereafter, then, in that event, said balance be levied and made out of the defendants, Frank A. Parker and Everett L. Ashby."

Appellant's motion to modify the judgment was overruled, as was also its motion for a new trial, and these rulings of the court are assigned as error. It is con-

ceded that appellees Heacock and McGlasson are not liable.

Appellant's motion to modify the judgment was properly overruled. It did not seek a correction of an erroneous entry of what the court had in fact 1. adjudged, but rather another and entirely different judgment. *Hannah* v. *Dorrell* (1881), 73 Ind. 465; *Strange* v. *Tyler* (1883), 95 Ind. 396; *Dorsey* v. *Dorsey* (1902), 29 Ind. App. 248, 64 N. E. 475.

The motion for a new trial presents the question of the sufficiency of the evidence, and as to whether the verdict was contrary to law. We are of the 2. opinion that the trial court erred in overruling appellant's motion for a new trial. The question here involved has been so thoroughly considered in the case of *Rush* v. *State, ex rel.* (1898), 19 Ind. App. 523, 49 N. E. 839, and the authorities so fully reviewed that we do not need further to discuss it. In this case the effect of the judgment is to release appellees Parker and Ashby as sureties. In that case the court said: "In this State, * * *, the only way a surety can be released from liability on an administrator's or guardian's bond is to comply with the letter of the statute, and make his application thereunder for release. * * * We are unable to find a case in this state, under our statute, which holds that the filing of a new or additional bond, by a guardian, releases the sureties on the original bond, where no application for release has been made. * * * We are constrained to hold that the subsequent bond filed by the guardian, was an additional bond, cumulative in its legal character, and hence did not release the surety upon the first bond." See, also, *American Bonding Co.* v. *Hall* (1915), 57 Ind. App. 523, 106 N. E. 534. Appellant's bond stood in the same relation as the second bond in the case above quoted, and as such it was additional and cumulative. The bond of

appellees Parker and Ashby was not discharged by the giving of appellant's bond, but both bonds remained valid, and the sureties were to be deemed cosureties, bound as such to the ward in the proportion of the amounts of their bonds. *Rush* v. *State, ex rel., supra; Bond* v. *Armstrong* (1882), 88 Ind. 65; *Stevens* v. *Tucker* (1882), 87 Ind. 109.

The judgment is reversed, with instructions to grant a new trial.