JAMES VANVLEET

v.

MARY DEWITT.

*Opinion filed December 16, 1902.*

200   153
202   3 89
105a  3418

200   153
203   3216
203   3487
108a  3406

200   153
208   1116

200   153
209   3186

1. WAIVER—*when objection that rights of third parties in husband's real estate cannot be determined in divorce proceeding is waived.* An objection that in a divorce case rights of third parties in real estate claimed by the wife to belong to the husband cannot be determined, is waived, where a demurrer to the bill for multifariousness is overruled and defendants answer and go to trial on the merits.

2. APPEALS AND ERRORS—*effect of the admission of incompetent testimony in chancery case.* The admission of incompetent testimony at the hearing before the chancellor is not ground for reversal unless it appears that the decree cannot be sustained except upon consideration of the incompetent evidence.

3. SAME—*when chancellor's findings will not be disturbed on appeal.* The findings of the chancellor upon conflicting testimony, in open court, will not be disturbed on appeal unless clearly against the preponderance of the evidence.

APPEAL from the Circuit Court of Jasper county; the Hon. S. L. DWIGHT, Judge, presiding.

SHAMHART & WILLIAMS, for appellant.

DAVIDSON & ISLEY, for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

This was a bill for divorce and ancillary relief as to certain real estate located in Jasper county, filed by appellee against George W. DeWitt, her husband, and James VanVleet and Morgan Hargis. The defendant George W. DeWitt did not appear, but suffered a decree to be entered against him by default. VanVleet and Hargis appeared and contested the right of appellee to the relief prayed for as to said real estate. The court entered a decree for divorce, found VanVleet was not the owner of said real estate but it was in fact the property of George W. DeWitt, and by its decree gave the same to appellee

as and for her alimony, and James VanVleet has prosecuted an appeal to this court.

The facts are, that in 1873 George W. DeWitt, who then resided in Michigan, was defendant in a divorce proceeding in that State, and needed the sum of $2000 to pay alimony decreed to be paid by him to his wife in said proceeding. He applied to the appellant, who then lived and now lives in Michigan, for a loan, which was refused. Later appellant agreed if DeWitt would deed him all his real estate in Michigan, excepting a farm in Iona county, that he would assume the mortgage thereon, settle for the alimony with his divorced wife and pay his unsecured debts, amounting to about $1400, which agreement was carried out. A portion of this real estate was later exchanged by appellant for a farm in Missouri, upon which DeWitt soon moved, and while residing there he met and married appellee. About 1884 DeWitt sold his farm in Iona county, Michigan, and with the proceeds purchased a town lot in Lebanon, Missouri, upon which he erected a brick building. Becoming financially embarrassed he sold the lot and building, and the proceeds, in part, were invested in certain lots in Lebanon, the title to which was taken in the name of appellant. Later some of these lots were exchanged for forty acres of unimproved land in Jasper county, which is the land in controversy, the legal title to which was taken in appellant. DeWitt and family moved upon these premises and proceeded to improve them, the evidence showing that appellee did a man's work in so doing, felling trees, burning brush, building fence, plowing, picking corn, hauling hay, etc. The premises were occupied by DeWitt and family for eleven years without payment of rent, or until 1899, when DeWitt deserted appellee and went to Michigan and took up his residence near appellant. After removing to Michigan appellant leased the premises in controversy to DeWitt, expressly authorizing him to sub-let the same, which lease contained the following condition: "The first party will

not be responsible for any costs, charges or expenses which may be made from said sub-letting." As soon as this lease was made DeWitt returned to Illinois and attempted to lease the premises to appellee, and on her refusing to lease the same he sub-let them to defendant Morgan Hargis, went upon the premises with a constable in the absence of appellee, ejected her aged mother, who was in charge, and the minor children of appellee, threw her furniture into the highway and put Hargis in possession.

It was contended by the appellee that the premises in question belonged to her husband, being the proceeds of the real estate for which the lot and brick building in Lebanon were exchanged, and that while the legal title is in appellant he was not the owner of the premises, and never claimed to be until DeWitt deserted her and returned to Michigan, and that he only claims ownership now for the purpose of defrauding her of her rights therein, while appellant insists that DeWitt had no interest in the lots exchanged for the Illinois property and has no interest in the premises in question. Appellant contends the relief prayed for cannot properly be granted in a divorce proceeding, that incompetent evidence was heard by the court, and that the evidence was not sufficient upon which to base the decree.

As to the first proposition, we are of the opinion that under the circumstances of this case the granting of this relief was entirely proper. The appellee claims that her husband was the owner of this real estate, and that the claims of appellant as owner and Hargis as tenant are fraudulent, and made for the purpose of depriving her of her rights therein. In a divorce proceeding the rights of the wife in the real estate of her husband may be determined, and we have no doubt if the rights of third parties are involved in such determination they may be brought before the court and their interests settled. In the case of *Harrer* v. *Wallner*, 80 Ill. 197, we held it was

proper, in a divorce proceeding brought by the wife, to ask relief by way of partition and allotment of a portion of the real estate of the husband to the wife for alimony, and this even though the rights of third parties intervened, they being made parties defendant for the purpose of having their rights determined under a deed signed by the husband and wife. In any event, appellant sought to raise this question by a demurrer to the bill on the ground that it was multifarious. The demurrer was overruled, and appellant answered the bill and went to trial upon the merits. Under these circumstances this objection will be deemed to have been waived. *Ring* v. *Lawless,* 190 Ill. 520.

As to the second proposition, it is true that incompetent testimony was heard by the court over the objection of appellant. The hearing was before the chancellor, and the rule is, that in such case this court will not reverse for errors in the admission of testimony unless it appears that the decree cannot be sustained except upon consideration of the incompetent testimony, (*Yarde* v. *Yarde,* 187 Ill. 636,) the presumption being that the chancellor considered only competent evidence in arriving at the findings embodied in the decree. We do not think this error sufficient to require a reversal in this case.

The third proposition is, that there was not sufficient evidence upon which to base the decree entered. The evidence of appellee, when considered alone, when taken in connection with the admissions made by appellant upon his cross-examination, is sufficient to support the decree, and we are unable, from a careful examination of the record, to say that the case so made was overcome by the testimony of appellant. The evidence was sharply conflicting. The chancellor saw and heard the witnesses testify, and he was in a better position than we to judge of the truth of their statements and the weight that should be given to their testimony, and we will not reverse in such case except where it clearly appears that

the evidence does not preponderate in favor of the decree.   *Fabrice* v. *Von der Brelie,* 190 Ill. 460.

Finding no reversible error in this case the decree of the circuit court will be affirmed.          *Decree affirmed.*