WARREN S. WILBUR, In Equity, *vs.* ROLLA V. TOOTHAKER et al.

Franklin.    Opinion August 10, 1909.

*Oral Contracts for Conveyance of Land.   Evidence to Prove Such Contracts must be Full, Clear and Convincing.   Laches.*

When recorded muniments of title are assaulted by parol evidence, the proof must be full, clear and convincing in order to be effective.

Human memory is so treacherous that too much reliance cannot be placed upon the attempted recital, however honest, of a conversation that took place twenty-five years before the trial of a cause and between other parties concerning a matter in which the witness had no special interest.

The plaintiff, in 1908, brought a bill in equity asking the specific performance of an oral contract, alleged to have been made in 1884 by one Toothaker for the conveyance to the plaintiff of a certain lot of wild land.

*Held:* 1. That the evidence fell far short of proving the contract alleged by the plaintiff.

2. That even if the original contract could have been proved and all other obstacles overcome, yet the plaintiff had been guilty of such laches as to preclude any just claim for equitable interference.

In equity.    On report.    Bill dismissed.

Bill in equity brought in 1908, praying for the specific performance of an oral contract, alleged to have been made in 1884 by one John R. Toothaker for the conveyance to the plaintiff of a certain lot of wild land.    The defendants demurred and also answered.

The cause was heard before the Justice of the first instance "on bill, answer and proofs," and at the conclusion of the hearing the case was reported to the Law Court for determination.

The case is stated in the opinion.

*Elmer E. Richards*, for plaintiff.

*Enoch O. Greenleaf*, for defendants.

SITTING :    WHITEHOUSE, SAVAGE, SPEAR, CORNISH, KING, BIRD, JJ.

CORNISH, J.    This is a bill in equity asking the specific performance of an oral contract, alleged to have been made in 1884 by one John R. Toothaker for the conveyance to the plaintiff of a certain lot of wild land in Rangeley known as the mill lot.    The

plaintiff claims that the contract embraced three parcels, that two were conveyed to him by Toothaker in accordance with the contract, but the third or mill lot was not conveyed. One of the defendants is the son of John R. Toothaker and holds title to the lot in question, in part by descent and in part by purchase from the other heirs, but with notice of the plaintiff's claim prior to purchase, while the other defendant is the administrator of the estate of said John R. Toothaker. The power of this court to grant such relief is well settled. *Green* v. *Jones*, 76 Maine, 563; *Woodbury* v. *Gardner*, 77 Maine, 68. Such an application, however, is addressed to the sound discretion of the court and so many obstacles stand in the way here that the plaintiff's request must be denied.

At the very threshold the court should be satisfied from the evidence that such a contract was in fact made, and on that issue the evidence must be full, clear and convincing. When recorded muniments of title are assaulted by oral evidence, the proof must be plenary in order to be effectual. The case at bar falls in line with those where attempts are made to reform a deed, to prove a lost will or an agreement to bequeath by will and related cases in all of which this full measure of proof is required. *Parlin* v. *Small*, 68 Maine, 289; *Moses* v. *Morse*, 74 Maine, 472; *Connor* v. *Pushor*, 86 Maine, 300; *Liberty* v. *Haines*, 103 Maine, 182; Wigmore Ev. Vol. 4, sec. 2498.

The evidence here falls far short of persuading us that such a contract as to any third parcel, was ever made. A single witness, a man well advanced in years, testifies that twenty-five or twenty-six years ago he heard a conversation between Toothaker and the plaintiff wherein the former agreed to sell to the latter for seven hundred and twenty-five dollars the Collins farm so called and on being pressed further says that the mill lot in controversy was to go with the Collins farm although he admits that he knows nothing about the lines. Human memory is so treacherous that too much reliance cannot be placed upon the attempted recital, however honest, of a conversation that took place a quarter of a century ago between other parties and concerning a matter in which the witness had no special interest.

The plaintiff also introduces three receipts given to him by John R. Toothaker. The first dated April 21, 1884, for $120.50, recites that it is "to be allowed on notes for farm he now lives on" and gives a brief description of the premises. The second is dated January 24, 1888, for $333.78 "on account with him for the farm he now lives on." The third is dated January 28, 1892, for $253.17 "in full payment for farm and I agree to give him a deed as soon as convenient to do so." On September 28, 1892, nine months after the last receipt, John R. Toothaker as administrator of the estate of Abner Toothaker, under license to sell, granted by the Probate Court on May 31, 1894, did give a deed to the plaintiff of two parcels of land for the consideration of $500, and the defendants claim that all was then conveyed that was ever agreed to be conveyed. The total amount paid by the plaintiff as represented by the receipts was $707.45 a little less than the $725 which the plaintiff claims was the agreed price eight years before, and much less if interest were added, while it is a little more than the $500 with interest as claimed by the defendants.

However, the significant and persuading fact is that the parties themselves on September 24, 1892, regarded the transfer of that date as closing the transaction. The deed was then delivered and doubtless the notes referred to in the first receipt were then surrendered. If the deed was not correct the plaintiff must have known it and need not have accepted it. Its acceptance without protest and its retention for fifteen years without seeking further relief are almost conclusive proof of the fact that all that had been bargained for had been conveyed. Especially is this true in view of the fact that John R. Toothaker lived until January 18, 1906, and during this time, more than thirteen years after the conveyance, was a near neighbor of the plaintiff. Why was not the error or fraud discovered or remedied during the lifetime of Mr. Toothaker? Why wait until death and the statute should deprive the court of the testimony of both parties to the transaction. Such silence on the part of the plaintiff is utterly inconsistent with his present claim.

It is unnecessary to consider at length other points in defense all possessing merit and all rendering a decree of specific performance

inadvisable, such as the indefiniteness or ambiguity in description, and the failure to satisfactorily prove any possession of the property by the plaintiff or any such conduct on the part of John R. Toothaker as to create an equitable estoppel based on an equitable fraud, which is the very essence of this proceeding. *Woodbury* v. *Gardner*, 77 Maine, 68-70.

Again, while the contract is alleged to have been made by John R. Toothaker in his individual capacity, the title to the property was not in him but in Abner Toothaker, of whose estate he was administrator, and it was by an administrator's deed that the farm was conveyed to the plaintiff, and that too, nearly seven years after the license therefor had expired under R. S., ch. 73, sec. 17. Finally if the original contract could have been proved and all obstacles overcome, the plaintiff has been guilty of such laches as to preclude any just claim for equitable interference. He has slept too long upon his rights. *Spaulding* v. *Farwell*, 70 Maine, 17 ; *Frost* v. *Walls*, 93 Maine, 405, *Clark* v. *Chase*, 101 Maine, 270.

The entry must be,

*Bill dismissed with a single bill of costs for defendants.*