BRIDGET McNEA ET AL., APPELLANTS, v. JOHN MORAN ET AL., APPELLEES.

FILED JULY 3, 1917. No. 19603.

1. **Witnesses**: COMPETENCY. In an action involving title to real estate the wife, whose husband claims ownership as purchaser under an oral agreement, is not an incompetent witness to a conversation had between her husband and the vendor, since deceased, in which she took no part.

2. **Specific Performance**: PAROL CONTRACT: EVIDENCE. "The law is well settled in this state that an oral agreement to convey real estate will be specifically enforced where the evidence of such agreement is clear and satisfactory, and the plaintiff has fully performed on his part." *Harrison v. Harrison*, 80 Neb. 103.

3. **Equity:** LACHES. One in possession of land may rest in security until his title or possession is attacked, and a failure to appeal to equity during that period will not prejudice his right either to quiet his title or to assert an equity against the holder of the legal title.

APPEAL from the district court for Kearney county: HARRY S. DUNGAN, JUDGE. *Affirmed.*

*Lewis C. Paulson, C. F. Shaver, G. N. Shaver* and *J. H. Robb,* for appellants.

*J. L. McPheely, contra.*

CORNISH, J.

On July 29, 1913, Patrick Moran died, leaving as heirs three brothers, three sisters, and three children of a deceased sister. He held title to 480 acres of land. This action is for partition. The controversy is over the ownership of 240 acres of the land, claimed by John Moran, one of the brothers, and a defendant in this action, under an alleged oral contract of purchase, made February 10, 1905, the consideration therefor being services rendered for 20 years prior thereto, work of John and children on the farm, board and care given Patrick, and payment by John of a $1,000 mortgage, then existing on the farm. John asks that title be quieted in him. The trial court found in favor of John and quieted title in him. Certain of the other heirs have appealed.

John sought to show on the trial that immediately after purchasing the land he took possession, improved it, and held open and adverse possession thereof for over nine years and up to the time of Patrick's death; that he paid the $1,000 mortgage and fully performed the contract on his part.

An extended discussion of the testimony is not necessary. Patrick was an old bachelor. He homesteaded in 1876. In 1885 John, with his wife and the two children then born, came west from Ohio, and they all lived together until Patrick's death. The other heirs lived in Ohio and Ireland.

While there may be some room for doubt, we are convinced that the agreement, which John alleges, was made and carried out, all save the making of the deed. John took the land, fenced it, kept the crops, paid the taxes, and was understood to own it. The testimony of the members of his family, showing the details of the transaction from numerous conversations; the payment of the $1,000; Patrick's statement to the assessor that John owned it; his statements to the church committee; to the banker who paid taxes for them; to the carpenter who built a house on Patrick's land; to Frank Stenson who wished to trade for part of the land; all to the same effect, do not leave much room for doubt as to Patrick's understanding. Such being the situation, title should be quieted in John.

Complaint is made that the trial court submitted questions of fact to the jury. Courts of equity can do this for the judge's enlightenment. On appeal the case is tried in this court *de novo*.

Error is assigned in permitting John's wife to testify to conversations had, not between the deceased and her, but between the deceased and John, which she overheard. Such evidence is admissible under the Code. *In re Estate of Powers,* 79 Neb. 680; *Holladay v. Rich*, 93 Neb. 491.

John had been in possession of the land with Patrick as tenant before the agreement of purchase. It is urged that there is not competent evidence to show John's possession, or improvements, or payments, made under the oral contract, to take it out of the statute of frauds, and cases are cited bearing upon that question. Where the evidence of such oral agreement is clear and satisfactory, and the purchaser has fully performed on his part, the contract is no longer within the statute of frauds, and cases, bearing only upon what possession, what improvement, or what part payment will be sufficient to take the case out of the statute, are not in point. *Harrison v. Harrison*, 80 Neb. 103.

It is urged that the oral agreement is not clearly and satisfactorily shown. As applied to the evidence of some of the witnesses, members of his family, this is true. It is

not true, however, of the evidence as a whole. In considering this question of fact, it is proper to take into consideration, not only the evidence of the agreement, but the acts performed under it, and the declarations of Patrick regarding the ownership of the land in controversy. *Harrison v. Harrison, supra.*

The plaintiff invokes the rule denying relief in equity because of unreasonable delay, citing *Bradley & Co. v. Union P. R. Co.,* 76 Neb. 172, and other cases. These are cases where the rule was applied to stale claims of parties, not in possession, seeking specific performance. The general rule and the one applicable here is that one in possession of land may rest in security until his title or possession is attacked, and a failure to appeal to equity during that period will not prejudice his right either to quiet his title or to assert an equity against the holder of the legal title. 16 Cyc. 174. When Patrick Moran learned that his brother John was treating the land in controversy as his own and claiming it, the duty was on him to make a timely assertion of his rights, if John's claim was unfounded.

For the reasons herein given, the judgment of the trial court is

AFFIRMED.

HAMER, J., not sitting.