(No. 11243.—Decree affirmed.)

JOSEPH A. BLACK, Plaintiff in Error, *vs.* THE HOOPESTON
GAS AND ELECTRIC COMPANY, Defendant in Error.

*Opinion filed October 23, 1917.*

1. SPECIFIC PERFORMANCE—*parol contract to convey will not be
enforced unless clearly established by evidence.* A parol contract
for the conveyance of real estate will not be specifically enforced
in a court of equity unless it appears to be certain and definite in
its terms and is established by evidence which is free from doubt,
and where the evidence is conflicting, a finding that such contract
is not proved will stand on review, in the absence of a showing
of clear and palpable error.

2. SAME—*when burden is on complainant to prove contract was
made on behalf of the defendant corporation by one having author-
ity to do so.* In a suit for the specific performance of a contract,
where the defendant is a corporation and denies the contract in
its answer, it is incumbent on the complainant to not only prove
the contract by clear and satisfactory evidence, but also that it
was made on behalf of the corporation by someone having au-
thority to represent it in the making of such contract.

WRIT OF ERROR to the Circuit Court of Vermilion
county; the Hon. M. W. THOMPSON, Judge, presiding.

L. E. SIMRALL, for plaintiff in error.

DYER & DYER, for defendant in error.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

Plaintiff in error filed his bill against defendant in er-
ror, the Hoopeston Gas and Electric Company, a corpora-
tion, in the circuit court of Vermilion county, for specific
performance of an alleged contract for the conveyance to
him of a triangular tract of land in Hoopeston, in said
county, by defendant in error, the substance of the allega-
tions of which is set forth in a former appeal of this case
in *Black* v. *Hoopeston Gas and Electric Co.* 250 Ill. 68.
Defendant in error filed its answer to the bill, admitting
that it is the owner of the land therein described and of

certain other property upon which it is operating and maintaining an electric light plant, and that it employed plaintiff in error to perform certain concrete work in connection with certain buildings and machinery in connection with its electric light plant. All the other material allegations of the bill were denied by the answer and the Statute of Frauds was pleaded as a defense. It was further averred in the answer that defendant in error purchased said land from A. Honeywell, the owner thereof, and that at the time it was purchased plaintiff in error was occupying a small portion thereof, not exceeding fifty feet square, on which he was manufacturing concrete blocks; that he had constructed a temporary building thereon and occupied said premises under a verbal lease from Honeywell, which lease had expired; that he was a holdover as a tenant at sufferance at the time defendant in error purchased and took possession of said property, and that he promised to execute a lease to defendant in error, by which he agreed to pay rent therefor. It was further specifically averred that the full sum or contract price for the furnishing to defendant in error by plaintiff in error of the concrete work aforesaid for its electric light plant, one-half of which plaintiff in error claims defendant in error was to pay by the conveyance to him of said plot of ground, has been fully paid in cash by defendant in error to plaintiff in error, and a receipt in full of said contract price, and for all other unpaid sums due from defendant in error to plaintiff in error, was executed by him. Issues were formed by the filing of a replication to the answer, and the cause was referred to the master in chancery to report his conclusions both of law and facts. The master found in favor of defendant in error and overruled objections of plaintiff in error to his report, and to which ruling exceptions were filed. The court overruled the exceptions to the master's report and rendered a decree finding the issues for defendant in error and dismissing the bill for want of equity February 14, 1914. This

writ of error was sued out of this court returnable to the February term, 1917.

A parol contract for the conveyance of real estate will not be specifically enforced in a court of equity unless it appears to be certain and definite in its terms and is established by evidence which is free from doubt. (*Seitman* v. *Seitman*, 204 Ill. 504.) Defendant in error is a corporation and denied the contract in question in its answer. It was therefore incumbent on plaintiff in error to prove by clear and satisfactory evidence not only the contract, but also that it was made on behalf of the corporation by some-one having authority to represent it in the making of such contract. (*Black* v. *Hoopeston Gas and Electric Co. supra.*) From the testimony of plaintiff in error it appears that he made the oral contract for the purchase of said real estate with one Bryson, local manager of defendant in error's electric light plant at Hoopeston, and that that contract is substantially as alleged in his bill. He also testified, in substance, that he had talked over the matter of this contract with Messrs. Durfee, VanVleet and Hanley, the treasurer, secretary and attorney, respectively, of defendant in error, and that they were favorable to the idea of the making of the contract and referred the matter of making the same to Bryson. Bryson, who was not an employee of defendant in error when the case was tried, by his testimony corroborated the plaintiff in error in his contention that he (Bryson) made the contract with him; that he made it as local manager of defendant in error; that the matter had been talked over with Durfee, VanVleet and Hanley, and that they were favorable to the idea of making the contract and had signified to Bryson that they would take it up with defendant in error and obtain a deed for plaintiff in error. It appears, however, from the testimony of Bryson that he had no authority to make the contract in question. It also appears from the testimony of Durfee, Van-Vleet and Hanley that no one had any authority from the

officers of the corporation to make the contract in question, and they also testified positively that they did not enter into any contract with plaintiff in error on behalf of defendant in error and did not authorize a survey of the premises, as claimed by plaintiff in error. The evidence further shows, without contradiction, that on January 29, 1910, plaintiff in error was paid by defendant in error, by voucher, the full sum due him on said contract for concrete work, one-half of which he claimed was to be paid to him by a deed to the land in question, and also the full amount due him for all other work completed by him up to that time, and that he cashed the voucher and executed a receipt in full settlement of his itemized account, which itemized bill was presented by him to defendant in error at its request, and which contained the specific item of $855, the amount then due on said contract for said concrete work, less payments previously made. To avoid the effect of said receipt as a bar to his action, plaintiff in error testified that the bill was gotten up by Bryson; that the bill or voucher contained all the work he had completed for defendant in error but not all he had due him; that he had a bill for erecting a shed for the new plant which he had overlooked; that he accepted the check from Bryson under protest and on the advice of his attorney; that Bryson brought him the voucher one day at the shop, and that he requested Bryson to deduct $427.50 from the balance of $509.66 shown by the bill as the sum due him at that time on the completed work; that Bryson stated his inability to make the change because it had been countersigned by Potter, the new general manager, who had succeeded Bryson; that in order to get the difference he was compelled to cash the check, and that defendant in error owed him between $500 and $600 in addition to the difference between the $427.50 and the $509.66 in cash, and the land besides. He further testified that Bryson asked him to take the check and told him that the contract would be carried out all right; that he told Bryson

that under no circumstances would he accept the check if it would invalidate his contract. Bryson corroborated plaintiff in error's testimony relative to the acceptance of the voucher under protest but did not corroborate him in his claim that Bryson told him to take the check and that the contract would be fulfilled. From Bryson's testimony it appears that the objection to the acceptance of the check was obviated without any words on his part, and that no one ever promised to make plaintiff in error a deed to the land at the time or after the account was settled. It was further proved, without contradiction, that on February 19, 1910, plaintiff in error was paid in full by defendant in error all sums due him on account of work done by him up to that date, amounting to $541.84.

The evidence in the record does not show that at the time of the filing of the bill in this case defendant in error owed plaintiff in error anything upon said special contract, one-half of which he claimed was to be paid by the transfer of said lot, or upon any other account. It does not therefore appear that one of the material allegations of his bill that he has paid the purchase price of said lot has been proved, and there has been no tender or offer by his bill, or at any time during the trial, to pay to defendant in error the purchase price of said lot. The master in chancery and the court have also found that plaintiff in error failed to establish by his proof that the contract was made by the corporation or by anyone duly authorized to make it. The evidence does not show that the making of any such contract was ratified by the corporation.

The evidence in regard to the making of the contract is admitted to be in conflict. Defendant in error's contention or defense is supported by the greater number of the witnesses. The finding of the court that no such contract was entered into or authorized by the defendant in error must therefore be sustained, as no reason appears in the record for this court to overturn that finding. Such a finding must

stand, in the absence of a showing of clear and palpable error. (*VanVleet* v. *DeWitt,* 200 Ill. 153; *Hubbard* v. *Hubbard,* 198 id. 621.) No such error is shown in this record. In fact, the decree of the court is sustained by the evidence and the bill of plaintiff in error was properly dismissed for want of equity.

The decree of the circuit court is therefore affirmed.

*Decree affirmed.*