JOHN McEVOY et al.

*v.*

HARRY F. BROOKS.

[Submitted February 27th, 1918.  Determined March 1st, 1918.]

1. For part performance to justify parol evidence of the terms of a parol contract for the sale of land, the acts or conduct of the parties—what they did as distinguished from what they agreed to do—must be such as to point to the existence of a contract between them consistent with that which is set forth in the bill.

2. To enforce specific performance of a parol contract for the sale of realty, the proofs of the contract must be clear and convincing.

3. In this case the evidence as to the existence of a positive engagement to repurchase *held* insufficient to warrant a decree for complainant.

On final hearing on bill for specific performance.

In this suit complainant seeks the specific performance of an alleged parol contract wherein defendant is alleged to have agreed to pay to complainant $300 for certain real estate.

The transaction set forth in the bill is substantially as follows: Defendant by parol agreed to purchase from complainant a certain residence property and to pay for it $1,200 in cash. Before the conveyance was made defendant found that he could raise only $900 in cash and offered to pay to complainant that amount and convey to complainant two certain vacant lots of land then owned by defendant in satisfaction of the remaining $300; but at the same time by parol agreed that he would within two years buy back the two lots for $300. Accordingly, the residence property was conveyed to defendant and the two lots were conveyed to complainant. The two years having elapsed, complainant now seeks to enforce the parol agreement of defendant to buy back the lots. The only written evidence of the transaction (except some recent correspondence of no

material value) are the two deeds of conveyance. The deed to defendant recites a consideration of $1,200; the deed to complainant $300. The lots in question are unimproved and in actual possession of neither party.

*Messrs. Bergen & Richman*, for the complainants.

*Messrs. Ott & Carr*, for the defendant.

Leaming, V. C.

It is urged in behalf of complainant that the agreement of complainant to sell the residence property for $1,200, and accept a conveyance of the lots for $300 in part payment, and the agreement of defendant to buy back the lots within two years, were all parts of one entire contract, and, in consequence, the conveyance to defendant of the residence property must be deemed in equity such part performance of the parol contract as will remove it from the operation of the statute of frauds in a suit for specific performance.

A doubt as to the sufficiency of that theory is to be found in the accepted rule that for part performance to justify parol evidence of the terms of the parol contract the acts or conduct of the parties—that is, what they did, as distinguished from what they agreed to do, must be such as to point to the existence of a contract between them consistent with that which is set forth in the bill. See *Pom.. Spec. Per.* §§ *107, 108; Lozier* v. *Hill, 68 N. J. Eq. 300.* In this case the acts and conduct of the parties, aside from testimony of their parol agreement, are solely to be found in the conveyance of the residence property to defendant for a consideration of $1,200 upon the payment of $900 in cash and the simultaneous conveyance to complainant of the lots for $300. In appearance those acts constituted a finality, so far as those conveyances were concerned, and were admittedly a finality, so far as the conveyance of the residence property was concerned. Those transactions in no way suggest, or in the slightest degree indicate, the existence of any other or outstanding engagement of the parties. The existence or probable existence of the other engagement here claimed is discoverable only

by the direct testimony of the fact. It may, accordingly, be said to be well within the field of doubt whether testimony of the agreement to repurchase is admissible in this case.

But a further, and I think unsurmountable, difficulty is found in doubts which must be said to exist as to whether defendant in ·fact engaged to repurchase the lots.

In all suits for specific performance clear proofs of the contract are required to support that form of extraordinary relief. But to enforce specific performance of a parol contract for the sale of real estate, it is even more imperative that the proofs of the contract shall be clear and convincing. In *Eyre* v. *Eyre, 19 N. J. Eq. 102, 104,* that rule is expressed as follows:

"But, if I only doubted, the relief must be denied. The complainant or actor, in all cases, must prove his case to the satisfaction of the court; but in these cases, where the provisions of the statute of frauds are to be set aside by some act of specific performance, clear proof is eminently required. This salutary statute should not be lightly dispensed with. And the uncertainty and unreliability of much of the evidence in this case shows the wisdom of that statute and throws a doubt over the doctrine of equity that part performance will take the case out of it."

At the hearing all parol testimony which was offered touching the contract was received. No claim was made by anyone that the conveyance of the lots was by way of security for the payment of the $300. All agreed that the conveyance of the lots was in full satisfaction of the balance of the purchase price of the residue property. As to whether defendant in fact agreed to repurchase the lots the testimony is in radical conflict. Defendant positively denies any such agreement. His testimony is that he merely stated that if at some future time he should be able to repurchase the lots, he would do so at the price he·sold them for, because they were the first and only real estate he had ever owned; but that no promise or assurance was given by him that he would do so at any time. The testimony of complainant, touching the agreement of repurchase, was positive; but in practically all other respects his memory was obviously unreliable and his testimony in conflict with clearly established facts.

The testimony of Mrs. Brown, a housekeeper of complainant, was positive, and, on her direct examination, reasonably impressive. On her rebuttal examination her testimony was distinctly less impressive and disclosed circumstances surrounding the transaction measurably consistent with defendant's testimony. Her testimony, however, was that defendant said he would take the lots back and pay $300 at the end of two years if Mr. McEvoy (complainant) "did not want them." This suggestion that complainant was privileged to keep the lots, if accurate, rendered the alleged contract one binding on defendant, but not binding on complainant, and, measurably, at variance with the contract asserted by the bill and by the testimony of complainant.

A careful consideration of the entire testimony leads me to such doubts touching the existence of a positive engagement to repurchase the lots that I am convinced a decree of specific performance is unwarranted by the evidence, even though the testimony of the contract should be deemed competent.

I will advise a decree dismissing the bill.