## KLINE ET AL. v. INDIANA TRUST COMPANY, TRUSTEE.

[No. 9,976. Filed December 17, 1919. Rehearing denied May 27, 1920. Transfer denied December 14, 1920.]

1. APPEAL.—*Review.—Question Not Presented.—Motion for New Trial.—Evidence.*—An assignment as error of exclusion of evidence not made a ground in the motion for new trial cannot be considered. p. 356.

2. APPEAL.—*Briefs.— Waiver of Objections.*— Grounds in the motion for new trial not mentioned in any proposition or point in appellant's brief, are waived. p. 356.

3. SPECIFIC PERFORMANCE.—*Parol Contract for Lease of Land.— Statute of Frauds.*—Where specific performance of a parol agreement to execute a lease of lands is sought, the rules governing the specific performance of parol contracts for the sale of real estate apply. p. 358.

4. SPECIFIC PERFORMANCE.—*Parol Contract for Sale of Land.— Creation of Contract.—Evidence.—Statute of Frauds.*—Where

a parol contract for the sale of lands is sought to be specifically enforced, the evidence of the existence of the contract must be clear and convincing.  p. 358.

5.  FRAUDS, STATUTE OF.—*Parol Agreement for Lease.—Authority of Agent to Execute.—Principal and Agent.*—In a suit for specific performance of a parol agreement to execute a lease of real estate, proof that a corporation had authority to act as owner's agent in making the agreement *held* insufficient. p. 359.

6.  PRINCIPAL AND AGENT.—*Ratification.—Knowledge.*—Before a principal can be held to have ratified the act of his agent, it must be shown that he had full knowledge of the agent's acts by which he is to be bound.  p. 360.

7.  EVIDENCE.—*Admissibility.—Preliminary Proof.*—Where there was no evidence that the alleged principal or any one authorized to bind him had knowledge of the act of his alleged agent by which he was to be bound, evidence of circumstances *held* inadmissible to show ratification.  p. 360.

8.  APPEAL.—*Harmless Error.—Exclusion of Evidence.—Specific Performance.*—Where the evidence fails to establish the contract for the lease of real estate, whose specific performance is sought, the exclusion of evidence showing that the building on the premises had been condemned, offered to show that the owner had been placed in a situation so far as an existing tenancy by another was concerned, to execute the alleged lease contracted for, was harmless.  p. 361.

From Boone Circuit Court; *Willett H. Parr,* Judge.

Action by the Indiana Trust Company, as trustee under the will of Peter Lieber, deceased, against Charles M. Kline and another.   From a judgment for the plaintiff, the defendants appeal.  *Affirmed.*

*Alfred R. Hovey, Harding W. Hovey, Rogers & Smith, John W. Bowlus* and *Charles M. Kline,* for appellants.

*Ryan, Ruckelshaus & Ryan* and *A. J. Shelby,* for appellee.

BATMAN, J.—Appellee commenced this action by filing a complaint against appellants, in which it alleged in substance, among other things, that appellant Charles M. Kline was in possession of certain real es-

tate in the city of Indianapolis, Indiana, belonging to the estate of Peter Lieber, deceased; that he held such possession by virtue of a lease from said Peter Lieber, running for five years from August 1, 1911, which provides that the same should terminate at once without notice or demand, at the option of the lessor, on failure to pay the rent therefor when due, or to comply with any of the conditions or covenants thereof; that among said conditions and covenants were the following: That said premises were to be used as a feed store and for no other purpose, and that no immoral practices should be permitted thereon; that said appellant had violated said conditions and covenants and had failed to pay rent as required by the terms of said lease; that by reason of said facts appellee had declared said lease forfeited, in accordance with the option contained therein; that appellant Mary D. Kline is the wife of her co-appellant and claims some right or interest in said real estate and the building situated thereon, the nature of which is unknown to appellee; that said appellant has no interest therein. Demand for judgment against both appellants for possession of said real estate; that said lease be canceled and annulled and for $500 damages. Afterwards appellee filed a supplemental complaint, in which it alleged, among other things, that said lease had expired by limitation of time, but that said Charles M. Kline, since the expiration of his tenancy, has wrongfully and unlawfully held over and still retains possession of said real estate to its damage in the sum of $500. Demand for judgment for possession and damages.

Appellant Mary D. Kline filed an answer in general denial to appellee's original complaint. Appellant Charles M. Kline filed an answer thereto in three paragraphs. The first is in general denial. The second

relates to the charge in the complaint with reference to a failure to pay the rent when due, and alleges facts on which it bases a waiver of the right to assert a forfeiture of the lease because of any failure in that regard. It also contains an express denial that said premises had been used for immoral purposes. The third paragraph alleges that, subsequently to the execution of said lease, it was agreed between the parties that said premises should be used for a dwelling and rooming house instead of a feed store; that in pursuance of such agreement, and with knowledge of its use, appellee accepted the rent therefor; that said premises had never been used for immoral purposes, but had always been used, and was then being used, as a dwelling and rooming house and for no other purpose. Both appellants filed an answer in general denial to appellee's supplemental complaint and at the same time, which was several months after they had filed their respective answers to appellee's original complaint, appellant Mary D. Kline filed a cross-complaint against appellee, in which she alleged in substance, among other things, that Peter Lieber, in September, 1911, was the owner in fee simple of the real estate described in the complaint; that he was at the time residing temporarily in Germany, and was represented in Marion county by the Indiana Trust Company and Albert Lieber in all matters pertaining to the rental of his real estate there situated; that said agents approached the cross-complainant and suggested to her that she lease said real estate for a period of years, and that she erect thereon a one-story dwelling house to be used for ten years, and that she then add a second story thereto, all to be occupied by her for a period of twenty years; that said Peter Lieber, acting through his said agents, proposed to lease her said property for said period of twenty years at $35 per month, she to pay the insurance and

taxes on the improvements to be constructed thereon by her, and at the expiration of said twenty years she should turn over the improvements made by her to the owner of said property, that said lease was to be in writing, and said Peter Lieber, through his said agents, assured her that he would deliver to her a written lease for said property on the completion of said one-story dwelling house; that, relying on said promise, she took possession of said real estate, removed an old frame building therefrom, and erected a one-story dwelling house thereon; that on the completion of the same, about May, 1912, she moved therein and has continued to occupy it ever since; that she entered upon and took possession of said real estate and constructed said building thereon, in compliance with her said contract between her and said Peter Lieber, acting through said agents; that she paid all rent, insurance and taxes thereon to January, 1916; that she fully accepted said contract, and has in every way performed all the conditions thereof on her part to be performed; that said Peter Lieber departed this life testate on or about September 18, 1915, without having executed to her a lease for said real estate; that by the terms of his will appellee has become a trustee of his property, with full power to lease the same; that appellee as such trustee has denied and repudiated said agreement and has failed and refused to execute to her a lease in writing for said real estate in pursuance thereof. Prayer for a specific performance of said contract; that appellee be required by a decree of court to execute to her the lease agreed upon, as alleged; and that, on its refusal to do so, a commissioner be appointed for such purpose. To this cross-complaint appellee filed an answer in general denial.

The cause was submitted to the court for trial, resulting in a judgment in favor of appellee against both

appellants for immediate and unconditional possession of the real estate in controversy, and for judgment against appellant Charles M. Kline for $455 damages. Appellants filed separate motions for a new trial, which were overruled, and have assigned these rulings of the court as the sole errors on which they rely for reversal.

Appellant Charles M. Kline has stated only two propositions or points on his assignment of error. The first relates to the action of the court in excluding

1. certain evidence, but as his motion for a new trial makes no reference to such ruling it cannot be considered. The second in effect waives all errors relating to the issues formed on the complaint and his answers thereto, by expressly stating that the only rights which he claims in this appeal are such as he has as the husband of his coappellant, and asking that such rights be protected in any mandate made by the court. We are therefore not required to give his assigned error any further consideration.

Appellant Mary D. Kline has alleged in her motion for a new trial a number of reasons therefor, but all have been waived by a failure to state any propo-

2. sition or point in her brief with reference thereto, except those relating to the admission and exclusion of certain evidence. On the trial appellant sought to introduce certain evidence to sustain the allegation of her cross-complaint, as to the alleged parol lease for the real estate in question, and as to the alleged agreement that it should be reduced to writing and executed by Peter Lieber, her lessor. Appellant does not claim that in leasing said real estate she had any direct communication with Peter Lieber, the owner thereof. She insists that the contract with reference thereto was made through appellee, who was his agent with authority to lease the same; and that appellee, being a corporation, acted through one Holloway, who was its duly

authorized agent in said transaction. Much of the excluded evidence relates to what Mr. Holloway said and did with reference to leasing said real estate to said appellee, and with reference to the building which she claims to have erected thereon in pursuance of her alleged parol lease. An examination of this evidence discloses that its admissibility depends on whether at the time it was offered it sufficiently appeared that appellee was in fact the agent of Peter Lieber at the time such alleged contract was made and had authority to make the same. The record discloses that at the time such excluded evidence was offered, it had been shown that Albert Lieber, at the time the alleged contract with Mary D. Kline was made, held a power of attorney from Peter Lieber broad enough in its terms to authorize him to execute leases on the real estate of his father, said Peter Lieber; that appellee was then, and had been for a number of years, an agent of said Peter Lieber for the purpose of collecting rents, and that said Holloway had acted for it as its agent in that regard. There was no direct evidence that appellee had any authority to lease its principal's real estate, and its president had testified that it had no such authority. But appellant Mary D. Kline insists that an agent's authority may be shown by circumstances, or implied from the conduct of his principal. She cites the following circumstances shown by the evidence in support of her contention that appellee had authority to make the lease set up in her cross-complaint; that Peter Lieber at the time owned much real estate in the city of Indianapolis; that appellee, for ten or twelve years or longer, had collected the rents from this property, including the real estate in question; that said Holloway, during a part of said time, had been its assistant secretary and manager of its real estate and rental department and, as such, had collected rents and made preliminary arrangements for

leases; that he negotiated the lease set out in the complaint with Mr. Kline, and talked with the president of appellee about it; that a lease on certain property of said Peter Lieber had been executed some thirteen years before, while the owner was in Germany, and that appellee had collected the rents therefor during such time; that appellee collected rents for Albert Lieber, the son of Peter Lieber; that the president of appellee knew that Holloway went to see appellant Charles M. Kline about leasing the real estate in question to him; that Albert Lieber was a director in appellee company, and also in the Merchants National Bank, and Peter Lieber was a stockholder in the former from the time it was organized; that Albert Lieber, son of Peter Lieber, who held the power of attorney from his father introduced in evidence, had his office with appellee and said bank; that these places of business were within about three or four city blocks of the real estate in question; that he knew the improvements thereon had been made, and in 1913 or 1914 took his brother down to see them.

In determining the contention of appellant Mary D. Kline as to the sufficiency of the facts and circumstances cited to show that appellee was the agent of 3-4. Peter Lieber, with authority to make the lease set up in her cross-complaint, so as to authorize her to introduce evidence of the acts and statements of appellee's agent tending to show the making of such lease and appellant's part performance thereof, we must bear in mind that the rules governing the specific performance of parol contracts for the sale of real estate must be applied. 36 Cyc 680; 26 Am. and Eng. Ency. Law 121; *Wolke* v. *Fleming* (1885), 103 Ind. 105, 2 N. E. 325, 53 Am. Rep. 495; *St. Joseph, etc., Co.* v. *Globe, etc., Co.* (1901), 156 Ind. 665, 59 N. E. 995. One of such rules, generally recognized and enforced, is that the evidence of the existence of such contract must be

clear and convincing. 36 Cyc 689; *Reynolds* v. *Wetzler* (1912), 254 Ill. 607, 98 N. E. 993; *MacQueen* v. *Anderson* (1916), 275 Ill. 409, 114 N. E. 159; *Black* v. *Hoopeston Gas Co.* (1917), 280 Ill. 263, 117 N. E. 411; *Aldrich* v. *Aldrich* (1919), 287 Ill. 213, 122 N. E. 472; *Wilbur* v. *Toothaker* (1909), 105 Maine 490, 18 Ann. Cas. 1190; *Minion* v. *Adams* (1917), 181 Iowa 267, 164 N. W. 593; *Williams* v. *Bailey* (1915), 69 Fla. 225, 67 South. 877; *McNea* v. *Moran* (1917), 101 Neb. 476, 163 N. W. 766; *McEvoy* v. *Brooks* (1918), 89 N. J. Eq. 37, 103 Atl. 403. The statute of frauds, which appellant seeks to avoid by the facts alleged in her cross-complaint, was designed to remove the temptation to perjury. In the administration of justice it prevents the rights of litigants from resting wholly on the precarious foundation of memory. Like the statute of limitations it operates in a sense as a statute of repose by avoiding strife and litigation. For these reasons, as said in the case of *Peoples Outfitting Co.* v. *Wheeling Mattress Co.* (1918), 67 Ind. App. 18, 118 N. E. 827, courts will hold strictly to the established rules.

When we consider the fact that there is no direct evidence of the existence of any authority on the part of appellee to make the lease in question, that appellee expressly denied any such authority, and the equivocal and uncertain character of the facts and circumstances relied upon by appellant to establish such authority, we cannot say, in the light of the rule above stated, that the court erred in excluding the evidence relating to what was said and done by said Holloway with reference to the alleged lease, and the building which appellant Mary D. Kline claims to have erected on the real estate in question in pursuance thereof, or in excluding any other evidence which depended upon the establishment of such authority for its admissibility. An examination of the record discloses

that all of the excluded evidence of the witnesses Lee, Pitcher, Fairfield, Hiner and Davis, mentioned by appellant in her propositions or points, and much of the excluded evidence of the witness Musgrove, of which complaint is made, is of the character stated above. Appellant admits in her brief that all such evidence was excluded on the alleged ground that appellee's authority for making the lease in question was not established. In view of these circumstances, and the conclusion announced above, we are not required to give the action of the court in excluding such evidence any further consideration.

Appellant Mary D. Kline also complains of the action of the court in excluding certain evidence offered through the witnesses Musgrave, Frenzel and Kline, which she claims was admissible for the purpose of showing ratification of the lease alleged in her cross-complaint. This excluded evidence relates to the payment of the rent, taxes and insurance on the real estate in question by said appellant. It is universally held that knowledge of the material facts is essential in order that there may be effectual ratification. The nature of a ratification is such that, before a principal can be held to have ratified the acts of his agent, it must be shown that the principal had full knowledge of the acts of his agent by which he is to be bound. *Crumpacker* v. *Jeffrey* (1917), 63 Ind. App. 621, 115 N. E. 62. In this case there is no evidence to show that either Peter Lieber, or any one authorized to bind him in leasing his real estate, had such knowledge of the alleged lease in question as would authorize a finding of ratification. It follows that there was no error in refusing to admit the evidence under consideration.

Said appellant also complains of the action of the

court in refusing to admit in evidence her "Exhibit No. 1," which is a notice by the inspector of buildings of the city of Indianapolis, addressed to appellee, bearing date of July 26, 1911, condemning the building on the real estate in question and giving notice that it must be removed at once. She asserts that this evidence forms a link in the chain of proof offered to show the abandonment, waiver and rescission of the lease to her said husband by the parties thereto, and shows that the owner of the real estate was in a situation to make a contract for a lease of the property to her. Appellant was not harmed by the exclusion of this evidence in view of her failure to establish that she had a lease for said real estate from any one authorized to make the same. In view of such fact there was no reversible error in excluding said exhibit.

Said appellant also predicates error on the action of the court in refusing to permit certain cross-examination of Albert Lieber, but an examination discloses that no error was committed in sustaining appellee's objection that the question asked was not proper cross-examination. We find no reversible error in the record. Judgment affirmed.