BERNARDINE DEWULF ET AL., APPELLANTS, V. PHILOMENA
DEWULF ET AL., APPELLEES: JULIUS CORNILLIE ET AL.,
APPELLANTS.

FILED DECEMBER 26, 1919. No. 20629.

1. Adverse Possession. Title to realty may be established by proof of
actual, open, exclusive and continuous possession under claim of
ownership for the statutory period of ten years.

2. Witnesses: COMPETENCY. An adverse party who is a representative
of a deceased person is not disqualified by the Nebraska statute
from testifying to a conversation confined exclusively to the person
deceased and a third party. Rev. St. 1913, sec. 7894.

3. Judgment: CONCLUSIVENESS: DECREE OF HEIRSHIP. In the settle-
ment of an estate, a county court by decreeing the descent of title
to land cannot conclude parties to a *bona fide* controversy over
such title.

APPEAL from the district court for Wheeler county:
BAYARD H. PAINE, JUDGE. *Affirmed.*

*T. J. Doyle* and *G. N. Anderson,* for appellants.

*W. L. Rose, J. C. Martin* and *A. L. Bishop, contra.*

ROSE, J.

This is an action to partition 160 acres of land in
Wheeler county. The tract was formerly owned by
Braziel DeWulf, a bachelor, who died intestate January
20, 1895, leaving three brothers, who also died intestate,
their names and dates of deaths being: Henri DeWulf,
1911; Charles DeWulf, 1914; Constantine DeWulf, 1915.
Plaintiff Bernardine DeWulf is the widow of Henri De-
Wulf and the other plaintiffs are his three daughters.
Plaintiffs claim an undivided three-sixths of the land by
descent—two-sixths from Henri DeWulf and one-sixth
from Charles DeWulf, a bachelor. The widow and the chil-
dren of Constantine DeWulf are defendants. Defendant
Philomena DeWulf, widow of Constantine DeWulf, re-
sists partition on the grounds that Braziel DeWulf gave

her the land, and that she has had open, continuous, adverse possession of it ever since his death, claiming, occupying and using it as her own. The trial court entered a judgment in her favor, and plaintiffs have appealed.

The controlling question presented by the plaintiffs is the insufficiency of the evidence to establish the defense of adverse possession. It is argued on the affirmative of this proposition that plaintiffs and defendant Philomena DeWulf, under the law of descent, are cotenants; that her possession is the possession of all, and that competent evidence of notice essential to the adverse possession of a cotenant is not found in the record.

There is evidence tending to prove the following facts: Philomena DeWulf lived with her husband and children on a homestead near that of Braziel DeWulf, who lived in a dugout. She baked and washed for him. Sometimes she boarded him. At times he stayed at her home. For services, board and lodging, she received no compensation. He was on friendly terms with her husband, but he did not want any of his property to go to his brothers Henri and Charles, and said so. During his last illness he informed a neighbor that the land should go to Philomena DeWulf. He had previously told her it would be hers. He died without making a will, and she took possession of his land immediately, claiming to be owner, and ever since, by herself or tenants, has been in continuous, open, adverse possession, paying the taxes and using the land or collecting the rents. She built a little frame house on the place, moved a small barn thereon, and enlarged a pasture. Until this suit was brought her right of possession as absolute owner and her title had never been questioned. In the community the land was called hers and her children's. Shortly after the death of Braziel DeWulf, Philomena DeWulf, in the presence and hearing of Charles DeWulf, made her claim of ownership known to him. A year or so later this claim was communicated to Henri DeWulf.

The testimony of this character in connection with circumstances and incidents appearing in evidence is sufficient to prove that title in Philomena DeWulf had been established by adverse possession long before plaintiffs instituted this action.

Notice to Henri DeWulf and Charles DeWulf of the nature of Philomena DeWulf's claim to the land, however, depends on the testimony of two of her children, and plaintiffs argue that their testimony is inadmissible under the statute providing that "no person having a direct legal interest in the result of any civil action or proceeding, when the adverse party is the representative of a deceased person, shall be permitted to testify to any transaction or conversation had between the deceased person and the witness." Rev. St. 1913, sec. 7894. These two children testified to a conversation between their mother and their uncle, Charles De Wulf. The witnesses took no part in the conversation, but overheard it, and it gave notice to Charles DeWulf that their mother claimed to be absolute owner of the land. While conversations between the deceased person and the witness are within the terms of the statute, conversations between the deceased person and a third party are not. *In re Estate of Powers,* 79 Neb. 680; *Kroh v. Heins,* 48 Neb. 691; *Scott v. Micek,* 86 Neb. 421; *McNea v. Moran,* 101 Neb. 476. This point, therefore, is not well taken.

Plaintiffs contend, further, that the defense of adverse possession is defeated by a decree rendered by the county court December 15, 1899, in the settlement of the estate of Braziel DeWulf. The county court found that the only heirs at law of decedent were his three brothers, and decreed that his real estate "descend share and share alike" to them. The argument seems to be that the decree is conclusive, that the brothers were then cotenants, that the possession of one was the possession of all, and that there was no subsequent notice that Philomena DeWulf, wife of decedent's brother, Constantine DeWulf, claimed the land as her own. The de-

cree of the county court settled the question of heir-
ship, but that part of the decree relating to the descent
of the real estate did not conclude Philomena DeWulf on
her claim that she had previously acquired the land by
gift, and that therefore there was no title to descend
to the heirs mentioned in the decree of the county court.
She was in possession of the land at the time, claiming in
good faith to be the owner. She had notified the brothers
of Braziel DeWulf of her claim. The statutory period
for acquiring her title by adverse possession had begun.
A question of title over which the county court had no
jurisdiction prevented the decree from concluding her.
*Fischer v. Sklenar*, 101 Neb. 553; *State v. O'Connor*,
102 Neb. 187; *Dunn v. Elliott*, 101 Neb. 411; *Gillespie
v. Truka*, p. 115 *post*.

In this view of the evidence and the law, the judgment
of the district court is free from error.

AFFIRMED.

SEDGWICK, J., not sitting.