KLINE v. INDIANA TRUST COMPANY, TRUSTEE, ET AL.

[No. 11,300. Filed December 15, 1922. Rehearing denied February 15, 1923. Transfer denied March 29, 1923.]

1. EJECTMENT.—*Color of Title.*—*Acquisition.*—*Lease for Term of Years.*—*Statutes.*—Under §§1127, 1128 Burns 1914, §§1080, 1081 R. S. 1881, defining color of title, a lessee for a term of years did not have color of title entitling her to recover under the Occupying Claimant's Statute for improvements she had made on the land prior to her ejectment by the lessor. p. 468.

2. PROPERTY.—*Personal Property.*—*Lease.*—A lease of real estate is personal property. p. 468.

3. JUDGMENT.—*Ejectment.*—*Lessee's Failure to Claim Value of Improvements.*—*Recovery in Subsequent Action.*—Where lessee did not by reason of her lease claim title or the value of improvements as claimant under color of title under the Occupying Claimant's Statute in an action in ejectment brought against her by the lessor, she could not prevail in an action to quiet title or recover the value of such improvements under such statute in a subsequent action based on the lease. p. 469.

4. LANDLORD AND TENANT.—*Ejectment of Lessee.*—*Recovery by Lessee for Improvements Made under Lease.*—A lessee cannot, after ejectment, recover for improvements made on the land under the terms of the lease, in the absence of a provision in the lease giving her the right to recover for such improvements in the event of ejectment. p. 470.

From Marion Superior Court (A10,936); *Solon J. Carter,* Judge.

Action by Mary D. Kline against the Indiana Trust Company, trustee, etc., and others. From a judgment for defendants, the plaintiff appeals. *Affirmed.*

*James D. Ermston,* for appellant.

*Ryan, Ruckelshaus & Ryan,* for appellees.

NICHOLS, C. J.—It is averred in appellant's amended complaint in substance that on or about August 10, 1911, appellant entered into a written agreement with the appellees and each of them whereby they leased to appellant for a term of twenty years from said date certain real estate therein described. Said written agreement provided among other things that appellant

was to take immediate possession of said real estate and erect thereon a one story building to be finished by the spring of 1912, and under roof ready for occupancy; that appellant was to pay all taxes as the same become due and payable and to pay to appellees the sum of thirty-five dollars per month rent in advance for said premises. Appellant paid all of the expense of erecting said building and has performed all of said agreement upon her part to be performed, and that appellees have failed and refused to perform the conditions of said written agreement on their part to be performed.

That under the terms and conditions of said written agreement appellant took possession of said real estate and continuously occupied the same and continued to occupy the same and by reason of the premises hereinbefore set out acquired an estate for years therein and has color of title to an estate for years therein, to wit: twenty (20) years, the same having been acquired by purchase as aforesaid from the owner of the fee simple title to said real estate.

That on or about February 11, 1916, appellee, the Indiana Trust Company, trustee under the will of Peter Lieber, deceased, brought a certain action in ejectment in the circuit court of Marion county, Indiana, against appellant seeking thereby to eject appellant from said real estate. Upon September 27, 1916, the venue of said cause was changed to Boone county, and on January 20, 1917, the finding and judgment of the court therein was in favor of appellee Indiana Trust Company, trustee, and against appellant. (On appeal the judgment in the former action was affirmed by this court, *Kline* v. *Indiana Trust Co., Trustee* (1919), 74 Ind. App. 351, 125 N. E. 434.) That appellant occupied said real estate as aforesaid, and as such occupant in good faith made valuable and permanent improvements thereon which were of the cash value of $12,000, which

includes the erection of a permanent building on said premises; that said land without said improvements is of the fair value of $4,000. Said written agreement was either stolen, lost or destroyed so that appellant could not file the original or a copy of said written agreement as an exhibit and as a part of the complaint.

Appellant demands judgment for the value of said improvements with interest, and prays that her title to said real estate may be quieted and set at rest against any and all claims of appellees and each of them for a period of twenty (20) years from August 20, 1911, and for all other and proper relief.

Appellees filed separate demurrers to the amended complaint which were sustained, and the appellant failing and refusing to plead further, judgment was 1, 2. rendered against her that she take nothing. The court's rulings in sustaining the respective demurrers to the amended complaint are each assigned as error.

Section 1127 Burns 1914, §1080 R. S. 1881, defines color of title as follows: "The purchaser in good faith at any judicial or tax sale, made by the proper person or officer, has color of title within the meaning of this act, whether such person or officer had sufficient authority to sell or not, unless the want of authority was known to the purchaser at the time of the sale; and the rights of the purchaser shall pass to his assignees or representatives."

Section 1128 Burns 1914, §1081 R. S. 1881, provides as follows: "Any occupant of land who can show a connected title in law or equity, derived from the records of any public office, or who holds the same by purchase or descent from any person claiming title derived as aforesaid or by deed duly recorded, has color of title, within the meaning of this act."

"By enumerating and specifying what constitutes

color of title, all else is excluded. The public welfare is involved and the courts will neither add to nor subtract from the legislative definition." *Philbin* v. *Carr* (1920), 75 Ind. App. 560, 129 N. E. 19. The foregoing statutory definition certainly does not include a written agreement which purports only to create a relation of landlord and tenant. The same authority on p. 586 says: "The possession must be under a claim of ownership. Of course, no one would contend that possession under a lease, no matter how long continued, can ever result in a transfer of title to the tenant; for the possession of the tenant is in law the possession of the landlord."

That the foregoing sections pertain to title to and ownership in real estate is apparent; but it has been repeatedly held by this court and by the Supreme Court that a lease is personal property. *Smith* v. *Dodds, Admr.* (1871), 35 Ind. 452, 456; *Mark* v. *North, Admr.* (1900), 155 Ind. 575, 57 N. E. 902; *Shipley* v. *Smith* (1904), 162 Ind. 526, 70 N. E. 803; *Spiro* v. *Robertson* (1914), 57 Ind. App. 229, 100 N. E. 726; *Heaton* v. *Grant Lodge, etc.* (1913), 55 Ind. App. 100, 103 N. E. 488.

It does not appear that appellant availed herself by way of defense of the lease which she claims in this action to have then had. Having failed so to do, 3. she is thereafter precluded in this or any other action from quieting such title as she had, if any, by reason of such alleged lease. The former action being for possession of real estate, such title as appellant had, if any, was directly in issue. *Chicago, etc., R. Co.* v. *Grantham* (1905), 165 Ind. 279, 75 N. E. 265; *Indiana, etc., R. Co.* v. *Allen* (1888), 113 Ind. 581, 15 N. E. 446. Having failed before this action to establish any color of title by reason of the alleged lease, she cannot now recover for the value of her improvements

under the Occupying Claimant's Statute. *Wernke* v. *Hazen* (1869), 32 Ind. 431.

It is averred in appellant's complaint that there was a judgment in ejectment against her in the former action in the Boone Circuit Court referred to therein, and, it having been determined that in this action she cannot recover under the Occupying Claimant's Statute, it follows that she must be limited in her recovery to the terms of the written lease which she says has been lost or destroyed but the substance of which she sets out in her complaint. But there is no averment in the complaint, or statement in the lease, the substance of which she undertakes to set out, which gives her a right of recovery for improvements made upon the real estate leased, in the event of her ejectment therefrom. In the absence of such provision in the lease appellant cannot recover. Judgment affirmed.