## METHODIST EPISCOPAL HOSPITAL AND DEACONESS' HOME OF STATE OF INDIANA v. WAYS SANITARIUM COMPANY.

[No. 12,316. Filed October 6, 1925. Rehearing denied March 31, 1926. Transfer denied November 4, 1926.]

1. PRINCIPAL AND AGENT.—In order to constitute a ratification by the principal of an unauthorized act of his agent, the principal must have knowledge of all the material facts. p. 271.

2. PRINCIPAL AND AGENT.—*Evidence held insufficient to show ratification of contract executed by unauthorized agent.*—A contract on behalf of the defendant, a corporation, was executed by one that had no official connection with the defendant and without any authority to execute such contract. *Held*, that the contract was insufficient to warrant a verdict against the defendant where it had no knowledge of the instrument until four years after its execution and had never approved the same. p. 271.

From Whitley Circuit Court; *Arthur F. Biggs,* Judge.

Action by the Ways Sanitarium Company against the Methodist Episcopal Hospital and Deaconess' Home. From a judgment for plaintiff, the defendant appeals. *Reversed.* By the court in banc.

*William L. Taylor* and *Leonard, Rose & Zollars,* for appellant.

*Aiken, Grant & Aiken, Lloyd F. Gates, R. Earl Peters* and *Ralph F. Gates,* for appellee.

REMY, C. J.—In February, 1918, and for some time prior thereto, The Ways Sanitarium Company, appel-

lee herein, owned and conducted a hospital, including real estate, building, furniture for one hundred rooms and other equipment, in the city of Ft. Wayne. At the same time, the Hope Hospital Association, hereinafter designated the Hope association, preparatory to the erection and maintenance of another hospital in the same city, had purchased real estate, had on hands some cash, and was engaged in raising additional funds by popular subscription. While the plans of the Hope association were in progress, appellee, desiring to sell the Ways hospital, began negotiations for that purpose with the Hope association; also with appellant Methodist Episcopal Hospital and Deaconess' Home of the State of Indiana. Pending these negotiations, it was proposed by the Hope association that if appellant and appellee would come to an agreement by which appellant would take over the Ways hospital, the Hope association would abandon its plan to erect a hospital, and, would pay $100,000 of the price demanded by appellee for its hospital, the $100,000 to be paid by conveying its real estate to appellee at a certain valuation, turning over to appellee its cash on hands, and remainder by popular subscriptions which it would procure. Induced by this proposition, appellant purchased the property, the consideration named in the deed being $260,000, of which sum $35,000 was acknowledged received as a donation from appellee in lieu of an agreement on the part of appellant to pay to the wife of the principal stockholder of appellee a certain life annuity. A further sum of $125,000 was to be paid by appellant's assumption of the mortgage indebtedness. The terms were agreed upon, April 24, 1918, and appellant placed in possession of the Ways hospital, May 20, 1918, although the deed of conveyance was not executed or delivered until May 24, 1918. Neither pending the negotiations nor when the sale was consummated did the

parties have any understanding as to what part of the consideration was represented by the real estate, or what by the furniture and equipment; nor was there any evidence submitted at the trial by which the court was informed on that question.  In accordance with its agreement, the Hope association not only conveyed its real estate to appellee, and paid to appellee the cash it had on hands, but proceeded to collect subscriptions it had taken, and to put on a campaign for new subscriptions; and as subscriptions were paid, the proceeds were turned over to appellee.  On October 19, 1922, there remained unpaid, of the $100,000 assumed by the Hope association, the sum of $56,000, to enforce the collection of which, this suit was commenced by appellee against appellant.  To this point, the facts are not in dispute.  The parties differ, however, as to the character and terms of the contract by which the Ways hospital was sold to appellant.  It is claimed by appellee that appellant by its contract obligated itself to pay not only the mortgage indebtedness and the life annuity, but also obligated itself to pay the remaining $100,000 of the sale price, and that the contract was in writing signed by the parties.  The action of appellee is upon this written contract which is made a part of the complaint as an exhibit.  The complaint contains an averment that appellee holds a vendor's lien on the real estate, a foreclosure of which is asked.  On the other hand, appellant denies that the contract was in writing, and denies the execution of the contract sued on, one of its answers to the complaint being a plea of *non est factum*; the contention of appellant being that the consideration so far as appellant was concerned did not include the $100,000, or any part thereof; that the understanding and agreement was that the $100,000 was to be paid by the Hope association, to which association, and not to appellant, appellee was to look for pay-

ment. A trial of the cause resulted in a judgment in favor of appellee for $57,780, and for a foreclosure of a vendor's lien.

In our view, the only question presented which it will be necessary for us to consider is the sufficiency of the evidence to sustain the decision of the trial court.

Under the issues as presented by the pleadings, recovery by appellee, if at all, must be upon the written contract as averred in the complaint, or upon proof that the execution of the contract by Martin, though unauthorized at the time, was afterwards ratified by appellant.

It is fundamental that before an act on the part of the principal can be held to constitute a ratification by the principal of the unauthorized act of its agent,

1. the principal must have knowledge of all the material facts. *Kline* v. *Indiana Trust Co., Trustee* (1919), 74 Ind. App. 351, 125 N. E. 434, and cases cited.

It appears from the evidence that the alleged contract which is made the basis of appellee's complaint is signed by appellee's president and secretary; also by the

2. Hope association by its president and secretary. The instrument is not signed by appellant corporation, but in addition to the signatures of appellee and the Hope association, as stated, is signed as follows: "W. W. Martin, Chairman Advisory Committee Hope Methodist Episcopal Hospital Association of Indiana," that being the name which during the negotiations had been proposed for the hospital under the new management. The alleged contract is dated May 4, 1918. Martin was the agent of appellant to assist in collecting subscriptions taken by the Hope association, and had no official connection with appellant company. There is no evidence that he was authorized by appellant to execute the alleged contract; nor is there any evidence that this instrument, which the evidence shows to have

been prepared by appellee, was at any time approved by appellant; and there is no evidence that appellant knew that it had been signed and delivered to appellee, until about the time this action was commenced, which was nearly four years after the alleged execution. During the four years, there was no demand on the part of appellee to fulfill a contract such as the one in suit.

It necessarily follows, that the decision is not sustained by sufficient evidence.

Judgment reversed, with instructions to grant a new trial.